PEOPLE v MICHAEL JONES

1. CRIMINAL LAW—PLEA OF GUILTY—INFORMING DEFENDANT—PRIOR
   FELONY CONVICTIONS—HABITUAL OFFENDERS—INCREASED SEN-
   TENCE—APPEAL AND ERROR—COURT RULES.

   A trial judge in a criminal case, prior to accepting a defendant's
   guilty plea, shall state directly to the defendant that if the
   defendant has been previously convicted of a felony he may be
   charged as an habitual offender and the maximum possible
   sentence may be increased; however, absent a showing of actual
   prejudice to the defendant, the error of the trial court in failing
   to comply with this portion of the rule does not mandate
   automatic reversal of the defendant's conviction (GCR 1963,
   785.7[1][c]).

2. CRIMINAL LAW—MOTIONS—PLEA OF GUILTY—PRIOR FELONY CON-
   VICTIONS—HABITUAL OFFENDERS—INCREASED SENTENCE—COURT
   RULES.

   The Court of Appeals will consider the issue where a defendant
   claims that the trial court failed to inform the defendant that
   the consequences of his guilty plea include an additional sen-
   tence because the defendant could be charged as an habitual
   offender where the defendant has a prior felony conviction and
   where he can produce evidence showing (1) that he is an
   habitual offender and (2) that he has been subjected to an
   additional prosecution or an increased sentence because of that
   status (GCR 1963, 785.7[1][c]).

Appeal from Recorder's Court of Detroit, James
A. Hathaway, J. Submitted November 10, 1976, at
Detroit. (Docket No. 28503.) Decided December 10,
1976.

Michael J. Jones was convicted, on his plea of
guilty, of breaking and entering. Defendant ap-
peals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 490, 491.

*Serman & Leh,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEAS-
LEY, JJ.

T. M. BURNS, J. On December 18, 1975, defend-
ant pled guilty to breaking and entering, MCLA
750.110; MSA 28.305. He was sentenced to 5 to 10
years in prison and appeals as of right.

Defendant argues on appeal that the trial court
erred in failing to inform him that if he was
previously convicted of a felony, his plea of guilty
could subject him to prosecution as a habitual
criminal. The transcript of the plea hearing re-
veals that the advice was not given.

GCR 1963, 785.7 provides in relevant part:

"Prior to accepting the plea, the court shall person-
ally carry out subrules 785.7(1)–(4).

"(1) An Understanding Plea. Speaking directly to the
defendant, the court shall tell him:

* * *

"(c) If he has been previously convicted of a felony, he
may be charged as a habitual offender and the maxi-
mum possible sentence may be increased."

This amended court rule became effective De-
cember 7, 1975, prior to the entry of the plea in
the instant case. The trial court clearly failed to
comply with the court rule. We are not persuaded,
however, that this error mandates automatic re-
versal of defendant's conviction.

The error in this case is closely analogous to the
failure to advise a guilty-pleading defendant of
possible sentencing consequences of his being on
probation or parole at the time of his plea. Where
it is asserted on appeal that the trial court failed
to advise a guilty-pleading defendant in that re-

gard, the proper procedure is to remand the case to the trial court and order the judgment of conviction set aside if it appears that the defendant was in fact on probation or parole at the time his plea was entered and that he was subjected to confinement for violating parole or probation because of his guilty plea conviction. If the defendant was not so prejudiced, the judgment of conviction is deemed affirmed. *Guilty Plea Cases,* 395 Mich 96, 127–128; 235 NW2d 132 (1975). While we believe that a similar rule is appropriate here, remand of this cause is not justified on the present record. The defendant has not alleged or offered any evidence to show that he has in fact been subjected to prosecution or an increased sentence based on the habitual offender statutes. Absent a showing of actual prejudice, we affirm the defendant's conviction and sentence. However, if the defendant can produce evidence showing (1) that he is an habitual offender and (2) that he has been subjected to an additional prosecution or an increased sentence because of that status, we would then consider a motion for rehearing filed in this Court.

Defendant's remaining argument does not merit restatement.

Affirmed.