PEOPLE v LOVE

1. CRIMINAL LAW—PLEA OF GUILTY—INFORMING DEFENDANT—HABIT-
   UAL OFFENDERS—HARMLESS ERROR.

   Failure of a court accepting a guilty plea to inform the defendant
   that she might be subsequently charged as a habitual offender
   is harmless error where the defendant was not thereafter
   charged as a habitual offender.

2. WITNESSES—CRIMINAL LAW—RIGHT OF CONFRONTATION—PLEA OF
   GUILTY—INFORMING DEFENDANT—HARMLESS ERROR.

   The omission of a trial court to elaborate to a defendant on her
   right of confrontation of the witnesses against her before
   accepting her plea of guilty is not reversible error where the
   transcript shows the defendant was informed that those wit-
   nesses would have to appear at trial if she elected to be tried.

3. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINS—DENIAL BY
   PROSECUTOR—APPEAL AND ERROR.

   The failure of a trial court to ask defense counsel if there was
   any plea bargain involved in a defendant's plea of guilty was
   inconsequential where the prosecutor was asked the question in
   the presence of the defense and denied such a bargain and it is
   not claimed on appeal that the answer was incorrect.

4. CRIMINAL LAW—PLEA OF GUILTY—THREATS OR PROMISES—DEFEND-
   ANT'S STATEMENTS—VOLUNTARY PLEAS.

   A defendant's statement that her plea of guilty was not the result
   of any threats or promises was sufficient to indicate to a trial
   judge that she was entering the plea of her own choice even
   where she was not specifically asked if the plea was made of
   her own choice.

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

   Court's duty to advise or admonish accused as to consequences of
   plea of guilty, or to determine that he is advised thereof. 97
   ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 342.

[3, 4, 6] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

[5] 21 Am Jur 2d, Criminal Law § 495.

5. Criminal Law—Plea of Guilty—Inculpatory Inferences—Jury—Admitted Facts.

A factual basis for a plea of guilty exists where an inculpatory inference could reasonably be drawn by a jury from the facts admitted by the defendant.

6. Criminal Law—Plea of Guilty—Judge's Statement—Plea Bargains—Appeal and Error—Appellate Claims.

It is immaterial that a trial judge did not state on the record that there was no agreement on his part to get the defendant to plead guilty where it is not claimed on appeal that there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval.

7. Criminal Law—Plea of Guilty—Understanding Pleas—Judge's Acceptance—Inferences —Findings of Fact.

A trial court determination that a defendant's plea of guilty was understanding, voluntary and accurate may be concluded from the judge's acceptance of the plea even where he makes no separate finding of fact on this issue.

Appeal from Huron, Allen E. Keyes, J. Submitted March 1, 1977, at Detroit. (Docket No. 30645.) Decided June 20, 1977.

Suzanne Love was convicted, on her plea of guilty, of larceny over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter B. Capling,* Prosecuting Attorney, and *Douglas J. Lee,* Assistant Prosecuting Attorney, for the people.

*Karl E. Kraus,* for defendant.

Before: D. E. Holbrook, P. J., and Bashara and W. F. Hood,* JJ.

W. F. Hood, J. Defendant pleaded guilty to a

* Circuit judge, sitting on the Court of Appeals by assignment.

charge of larceny over $100[1] and was sentenced to a term of imprisonment. Thereafter she moved to withdraw her plea of guilty and to vacate the judgment of conviction. From denial of such motion, defendant appeals of right.

Defendant claims the trial court committed reversible error in the course of accepting defendant's plea of guilty; such error consisting of the failure to:

"A. Speak directly to defendant-appellant and tell her if she has been previously convicted of a felony, she may be charged as a habitual offender and the maximum possible sentence may be increased;

"B. Speak directly to the defendant-appellant and tell her if her plea is accepted, she will not have a trial of any kind, so she gives up the rights she would have at a trial including the right to question the witnesses against her;

"C. Ask the defendant-appellant's lawyer whether there has been a plea agreement made;

"D. Ask the defendant-appellant whether it is her own choice to plead guilty;

"E. Establish on the record the element of intent to steal for factual support for a finding that she is guilty of the offense charged or the offense which she is pleading, being the crime of larceny of property having a value in excess of $100.00;

"F. Ask the prosecutor and defendant-appellant's lawyer whether the court has complied with subrule 785.7 (1)–(3) and state whether the court has agreed upon the possibility of a plea or the possible sentence with the prosecutor or defendant-appellant or anyone acting in the interests of either, and, if so, that to which the court has agreed; and

"G. Establish on the record that it is convinced that the plea is understanding, voluntary and accurate."

Such claims are without merit for the following respective reasons:

---

[1] MCLA 750.356; MSA 28.588.

A. The defendant has not been charged as a habitual offender. So long as no attempt is made to charge a defendant as a habitual offender, failure to inform a defendant he could be so charged is harmless. *People v Michael Jones,* 73 Mich App 91; 250 NW2d 554 (1976).

B. The arraignment transcript shows defendant knew she was giving up her right to a trial and "the rights that (she) would have at trial" and that the witnesses against her would have to appear at the trial. Omitting to elaborate on the right of confrontation—the right to question the witnesses—does not justify reversal. *Guilty Plea Cases,* 395 Mich 96, 123; 235 NW2d 132 (1975).

C. The prosecuting attorney was asked if there was any plea bargain in the case and replied: "No, your Honor". It is not claimed the prosecutor's answer was incorrect. Under these circumstances, the failure to ask the same question of defense counsel is inconsequential.

D. Although defendant was not specifically asked if she pleaded guilty of her own choice, she was asked if anyone had threatened her in any manner to get her to plead guilty, and whether anyone had made any promises to her to get her to plead guilty. Her negative answers were sufficient to indicate she was pleading of her own choice.

E. While the court did not elicit from the defendant "intent to steal" in those words, the defendant did say she asked the store clerk to see some rings and when the clerk displayed them, defendant took them without permission and ran; that she intended to take them; it being no accident. This was sufficient. A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the

facts admitted by the defendant. *Guilty Plea Cases,* supra, 130.

F. It is not of consequence that the court failed to ask the prosecutor and defense counsel whether the court had complied with subrules 785.7(1)–785.7(3). No substantial right of the defendant is involved in such requirement. If the question had been asked, counsels' answers would be immaterial, for, generally, an affirmative answer would not save an otherwise faulty guilty plea proceeding; nor would a negative answer destroy an otherwise valid proceeding. Since it is not claimed there was any plea bargain involving a sentence agreement which had been submitted to the judge for approval, it is immaterial that the judge did not state on the record that there was no agreement on his part. Moreover, the transcript shows the judge made clear to the defendant that he did not know how he would dispose of the case and would not know until after receipt of the presentence report.

G. It is not necessary that the judge state on the record a finding that the defendant's plea was understanding, voluntary and accurate. Such determination "may be concluded from the judge's acceptance of the plea, even though he makes no separate finding of fact on this issue". *Guilty Plea Cases,* supra, 126.

Affirmed.