PEOPLE v LENDZIAN

1. CRIMINAL LAW—PLEA OF GUILTY—INFORMING DEFENDANT—HABIT-
   UAL OFFENDER—HARMLESS ERROR.

   The failure of a court accepting a guilty plea to inform the
   defendant that he might be subsequently charged as a habitual
   offender is harmless error where the defendant is not thereaf-
   ter charged as a habitual offender (GCR 1963, 785.7[1][c]).

2. CRIMINAL LAW—PLEA OF GUILTY—NOLO CONTENDERE—COURT
   RULES.

   Whether a particular departure from the requirements of the
   court rule concerning pleas of guilty and pleas of nolo conten-
   dere justifies or requires reversal or remand for additional
   proceedings depends on the nature of the noncompliance (GCR
   1963, 785.7).

3. ROBBERY—ARMED ROBBERY—PROBATION—PLEA OF GUILTY—COURT
   RULES.

   A court's failure at a guilty plea proceeding to advise a defendant
   of his ineligibility for probation after conviction of armed
   robbery is not reversible error where the defendant admitted
   that he knew, after the court read to him the statute under
   which he was charged, that he was going to prison if he
   pleaded guilty (GCR 1963, 785.7[1][f]).

4. APPEAL AND ERROR—CRIMINAL LAW—PLEA OF GUILTY—COURT
   RULES—RIGHT TO TRIAL—STRICT COMPLIANCE.

   Failure to strictly comply with the court rule which requires that
   a court advise a defendant that if his plea is accepted he will
   not have a trial of any kind and he gives up the rights he
   would have at trial does not mandate reversal where a review
   of the transcript shows that the defendant was informed that a
   plea of guilty would waive his right to trial, to have witnesses

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 490.
[2] 21 Am Jur 2d, Criminal Law §§ 484, 492, 497–502.
[3] 21 Am Jur 2d, Criminal Law §§ 487–491.
[4] 21 Am Jur 2d, Criminal Law §§ 487–495.

against him appear and to compulsory process for obtaining witnesses in his favor (GCR 1963, 785.7[1] [g]).

Appeal from Sanilac, Allen E. Keyes, J. Submitted October 24, 1977, at Detroit. (Docket No. 31203.) Decided December 9, 1977.

Dennis Lendzian was convicted, on his plea of guilty, of armed robbery. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *J. Anthony Sykora,* Prosecuting Attorney, for the people.

*Cubitt & Cubitt* (by *John T. Ferris),* for defendant on appeal.

Before: BRONSON, P. J., and M. J. KELLY and BEASLEY, JJ.

PER CURIAM. Defendant appeals his plea-based conviction for armed robbery, MCLA 750.529; MSA 28.797, raising three alleged defects in the plea-taking procedure. We affirm.

Defendant first alleges error in the failure of the trial court to advise him that he may be charged as a habitual offender, GCR 1963, 785.7(1)(c). As there has been no showing that defendant has been so charged, this was not reversible error. *People v Love,* 76 Mich App 379; 256 NW2d 602 (1977), *People v Michael Jones,* 73 Mich App 91; 250 NW2d 554 (1976).

Defendant's second allegation of error is that the trial judge failed to inform him that he could not be placed on probation if the plea was to armed robbery, as required by GCR 1963, 785.7(1)(f).

A failure to comply with GCR 1963, 785.7 does not automatically mandate reversal:

"Noncompliance with a requirement of Rule 785.7 may but does not necessarily require reversal.

"Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance." *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975).

In *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977), this Court held that a failure to comply with GCR 1963, 785.7(1)(f) was harmless error where "as a result of the sentence agreement, defendant knew before he pleaded that he was going to prison if he pleaded guilty".

In the case at bar, although there was no sentencing agreement, the court read to defendant the statute under which he was charged. That statute provides that armed robbery is "punishable by imprisonment in the state prison for life or for any term of years". The trial court continued:

"THE COURT: And you heard me read the statute under which you are charged. Do you have any questions about the statute at this time?

"THE DEFENDANT: No.

"THE COURT: Do you understand the possible punishment as set forth in that statute?

"THE DEFENDANT: Right."

In light of defendant's response that he understood the possible punishment for armed robbery, we hold that the failure of the trial court to strictly comply with GCR 1963, 785.7(1)(f) was not reversible error.

In addition, under the prior rule, which did not require a defendant to be informed that he could not be put on probation for armed robbery, but which did require the court to inform him of any mandatory minimum sentence, it was not reversi-

ble error not to inform a defendant who pleaded guilty to armed robbery that he could not be placed on probation. *Guilty Plea Cases, supra,* at 118.

Finally, defendant alleges error in the trial court's failure to strictly comply with GCR 1963, 785.7(1)(g), which requires the court to inform defendant of several rights defendant is giving up by pleading guilty. Defendant contends that the court failed to inform defendant that a guilty plea would waive his right to a trial and that the right to a trial included the right to question witnesses against him. On review of the transcript, we find that defendant was informed that a guilty plea would waive his right to a trial, to have witnesses against him appear and to compulsory process for obtaining witnesses in his favor. In this case, failure to strictly comply with GCR 1963, 785.7(1)(g) does not mandate reversal. *Guilty Plea Cases,* 395 Mich 96, 122–123; 235 NW2d 132 (1975), *People v Love, supra.*

Affirmed.