PEOPLE v LUMPKIN

Docket No. 77-3100. Submitted June 19, 1978, at Detroit.—Decided September 20, 1978.

James C. Lumpkin, on his plea of guilty, was convicted of possession of heroin and possession of a firearm during the commission of or attempt to commit a felony, Recorder's Court for the City of Detroit, Dalton A. Roberson, J. Pursuant to a sentence bargain entered on the record by the Court, the sentence for possession of heroin was to be suspended and the defendant was to serve the mandatory two-year minimum on the felony-firearm charge. Defendant appeals challenging the validity of the plea proceedings. *Held:*

So long as no attempt is made to charge a defendant as a habitual offender, failure to inform a defendant that he could be so charged is harmless. Therefore, the trial court did not err in failing to inform the defendant that he could be charged under the habitual offender act since the defendant was not charged as a habitual offender and his sentence was not enhanced due to his habitual offender status. The facts elicited by the trial court clearly established that the defendant was in possession of a firearm when he committed the felony of possessing heroin. A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and the defendant asserts the latter is the correct inference.

Affirmed.

R. M. Maher, P. J., concurred in part and dissented in part and would hold that the application of the felony-firearm statute to this case violated the double jeopardy clauses of the United States and Michigan Constitutions and that, therefore,

---

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 486–491.
Court's duty to advise or admonish accused as to consequence of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law §§ 165, 166, 188, 189.

the conviction for possession of a firearm during the commission of a felony should be vacated.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—INFORMING DEFENDANT—HABITUAL OFFENDERS—HARMLESS ERROR.

Failure of a court when accepting a guilty plea to inform the defendant that he subsequently might be charged as a habitual offender is harmless error where the defendant was not thereafter charged as a habitual offender and his sentence was not enhanced due to his habitual offender status.

2. CRIMINAL LAW—PLEA OF GUILTY—INFERENCES.

A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and the defendant asserts the latter is the correct inference.

CONCURRENCE IN PART, DISSENT IN PART BY R. M. MAHER, P. J.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—FELONY FIREARM.

*The conviction of a criminal defendant for both possession of heroin and possession of a firearm during the commission of or attempt to commit the felony of possession of heroin violates the double jeopardy clause of the United States and Michigan Constitutions.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*Elaine W. Milliken,* for defendant.

Before: R. M. MAHER, P. J., and J. H. GILLIS and McGREGOR,* JJ.

J. H. GILLIS, J. On June 7, 1977, defendant pled

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

guilty to two offenses, possession of heroin, contrary to MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), and possession of a firearm during the commission of or attempt to commit a felony, contrary to MCL 750.227b; MSA 28.424(2). Pursuant to a sentence bargain entered on the record at that time, the sentence for possession of heroin was to be suspended, and the defendant was to serve the mandatory two-year minimum on the felony-firearm charge. Defendant now appeals as of right challenging the validity of the plea proceedings.

Defendant first contends that the trial court erred in failing to adequately explain the habitual offender act, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* and, therefore, defendant was not advised of the maximum sentence that could be imposed upon him as required by GCR 1963, 785.7(1)(c).

In *People v Love,* 76 Mich App 379, 382; 256 NW2d 602 (1977), it was held:

"So long as no attempt is made to charge a defendant as a habitual offender, failure to inform a defendant he could be so charged is harmless. *People v Michael Jones,* 73 Mich App 91; 250 NW2d 554 (1976)."

Defendant was not charged as a habitual offender in the instant case. His sentence was not enhanced due to his habitual offender status.

Accordingly, we find no error in respect to this issue.

Defendant next contends that the facts elicited by the trial court were inadequate to establish that defendant did in fact have possession of a firearm during the commission of a felony.

"*The Court:* Tell me what you did on or about March the 18, 1977 at 3836 Lillibridge avenue in the City of Detroit:

"*Mr. Lumpkin:* I was in the house, you know, sitting on the couch and the police came in and I had a small pack of heroin on me and it was a gun in there.

"*The Court:* The gun was in the house?

"*Mr. Lumpkin:* Yes.

"*The Court:* You had it in your side?

"*Mr. Lumpkin:* Yes."

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference." *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

The aforementioned exchange between defendant and the court clearly establishes that defendant was in possession of a firearm when he committed the felony of possessing heroin. The exchange satisfies the factual basis requirements set forth in *Guilty Plea Cases, supra.*

Defendant's final allegation of error in respect to the constitutionality of MCL 750.227b; MSA 28.424(2) fails in light of the advisory opinion issued by the Supreme Court of this state in *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973).

Affirmed.

McGregor, J., concurred.

R. M. Maher, P. J. *(concurring in part; dissenting in part).* While I agree with the majority that MCL 750.227b; MSA 28.424(2) does not violate the Michigan constitutional provision against revising, altering or amending other statutes by implication, I find another problem with the law which should not be ignored, which I raise *sua sponte.* For reasons well stated in opinions by my fellow judges, defendant's conviction under the felony-

firearm statute cannot be constitutionally con-
doned. See *Wayne County Prosecutor v Recorder's
Court Judge,* 85 Mich App 727; 272 NW2d 587
(1978), and *People v Gerald Hughes,* 85 Mich App
8; 270 NW2d 692 (1978) (D. F. Walsh, J., dissent-
ing). I would vacate the conviction for possession of
a firearm during the commission of a felony but
leave the conviction for possession of heroin undis-
turbed.