PEOPLE v THALACKER

Docket No. 46843. Submitted March 6, 1980, at Detroit.—Decided August 12, 1980.

Defendant, Chris Thalacker, was convicted on his plea of guilty of armed robbery in Wayne Circuit Court, Thomas J. Brennan, J., and was sentenced to a term of 8 to 13 years in prison. Defendant appeals, contending that the trial court failed to comply with the requirement of GCR 1963, 785.7(1)(f), in that the trial court did not advise the defendant that the offense to which he was entering a plea was nonprobationable, nor that he would definitely go to prison, and that such failure to so advise requires reversal. *Held:*

The clear import of GCR 1963, 785.7(1)(f) is that a defendant must be told that he will serve some time in prison if he enters a plea of guilty or nolo contendere to a charge of murder, armed robbery, or treason. The only exception to this requirement is where there has been a sentence bargain and the defendant knows, prior to entering his plea, that he will be sent to prison. The trial record in this case is silent as to whether defendant knew he would be sent to jail. To allow the conviction to stand under such circumstances would be to render the court rule nugatory.

Reversed and remanded.

CYNAR, J., concurs in the result reached by the majority but disagrees with the majority that a previous case was incorrectly decided. He would hold that noncompliance with GCR 1963, 785.7(1)(f) is not reversible error where the court accepts the plea if the defendant is informed that the maximum sentence is life and the defendant states that he understands the maximum penalty, defendant is a previous felony offender and is familiar with the criminal justice system, he is in violation of his parole and is aware of the consequences therefor, and the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 487, 491.5.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 20 Am Jur 2d, Courts § 85.

crime is a grievous one and defendant has no expectation of being placed on parole.

OPINION OF THE COURT

1. CRIMINAL LAW — CRIMINAL PROCEDURE — GUILTY PLEAS — MINIMUM SENTENCES — COURT RULES.

A defendant must be told that he will serve some time in prison before he is allowed to enter a plea of guilty or nolo contendere to a charge of murder, armed robbery, or treason; however, this requirement is excused where there has been a sentence bargain because the defendant will already know his prison term before entering his plea (GCR 1963, 785.7[1][f]).

CONCURRENCE BY CYNAR, J.

2. CRIMINAL LAW — CRIMINAL PROCEDURE — GUILTY PLEAS — COURT RULES — NONCOMPLIANCE WITH COURT RULE.

*Noncompliance with a court rule requiring that a defendant be informed that he will be sentenced to prison if he tenders a plea of guilty or nolo contendere to the crime of murder, armed robbery, or treason is not reversible error where the court accepts the plea if the defendant is informed that the maximum sentence is life and the defendant states that he understands the maximum penalty, defendant is a previous felony offender and is familiar with the criminal justice system, he is in violation of his parole and is aware of the consequences therefor, and the crime is a grievous one and the defendant has no expectation of being placed on parole (GCR 1963, 785.7[1][f]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Lawrence B. MacDonald,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. M. MAHER and CYNAR, JJ.

R. M. MAHER, J. The defendant appeals as of right from his plea-based conviction for armed

robbery, MCL 750.529; MSA 28.797. The defendant was sentenced to a term of 8 to 13 years in prison.

On appeal, the defendant contends that the trial court failed to comply with the requirement of GCR 1963, 785.7. More specifically, defendant alleges that the trial court did not advise the defendant that the offense to which he was entering a plea was nonprobationable, as required by GCR 1963, 785.7(1)(f). The transcript of the guilty plea reveals that defendant was told that the maximum sentence for armed robbery was life, but he was not advised that the offense was not probationable nor that he would definitely go to prison.

In *People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1977), this Court said that it was error not to advise defendant of his ineligibility for probation. However, because of the sentence bargain in that case, the defendant knew before he pleaded that he would go to prison, and so the Court concluded that the error was harmless. In his concurring opinion in *Freeman,* Judge T. M. BURNS indicated that had there been no sentencing agreement, reversal would have been mandated by *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975).

In *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), the defendant pleaded guilty to armed robbery and was not informed that he could not be placed on probation. He was told the maximum sentence but not the minimum. There was no sentence agreement. Although the Court cited *People v Freeman, supra,* it concluded with little reasoning that despite the absence of a sentencing agreement, there was no reversible error. In a more recent case, *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), the defendant entered a plea of second-degree murder and was

not told that this was a nonprobationary offense. Defendant was informed of a possible maximum life sentence. The Court declined to reverse the conviction, citing *People v Lendzian, supra,* and said the error was harmless for the following reasons: the defendant was told and understood that there was a maximum life sentence; as a previous felony offender, he was familiar with the criminal justice system; defendant was in violation of his parole and was apprised of the possible consequences therefor; and finally, defendant was charged with a grievous crime and had no expectation of being placed on probation.

We are forced to conclude that both *Lendzian* and *Jones, supra,* were wrongly decided. The clear import of GCR 1963, 785.7(1)(f) is that a defendant must be told that he will serve some time in prison if he chooses to enter a plea. Under *Freeman,* that requirement is excused where there has been a sentence bargain, for defendant then knows of his prison term prior to entering his plea. Despite the gravity of a defendant's crime or his prior experience with the judicial system, we cannot infer from a silent record that defendant knew he would serve time in jail and thus render the court rule nugatory.

Reversed and remanded to the trial court.

D. E. HOLBROOK, JR., P.J., concurred.

CYNAR, J. *(concurring in result only).* Although I concur in the result reached by the majority, I feel compelled to comment further on *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), *lv den* 409 Mich 854 (1980). Defendant Jones had been charged in a three-count information: count I, first-degree murder; count II, assault with intent to commit murder; and count III, possession of a

firearm at the time of the commission of a felony. The plea bargain in that case involved dismissal of counts I, II, and III in exchange for defendant's plea of guilty to an added count of second-degree murder. On August 21, 1978, the date defendant tendered his plea, he was advised that he was pleading guilty to a felony with a maximum penalty of life imprisonment. He was further advised that the prosecution would forbear from filing a habitual offender information and that by pleading guilty to second-degree murder defendant would be admitting to being in violation of the terms of his parole on a previous armed robbery conviction and could be punished therefor. Just prior to accepting defendant's plea, the court stated:

"For this record, the court has not agreed upon the possibility of a plea, but as *[sic]* indicated to the defense counsel prior to this date that the possible sentence would be life imprisonment."

Subsequently, defendant was sentenced to life imprisonment. It is my conviction that *People v Earl Jones, supra,* was correctly decided.