PEOPLE v GREENE

Docket No. 50693. Submitted March 2, 1982, at Detroit.—Decided
May 19, 1982. Leave to appeal applied for.

Julius Greene was convicted, on his pleas of guilty, of second-
degree murder and possession of a firearm in the commission of
a felony in Detroit Recorder's Court, Justin C. Ravitz, J. The
defendant pled guilty pursuant to a sentence bargain. The
defendant appealed alleging that the trial court erred by: (1)
failing to inform him of the mandatory minimum sentence for
second-degree murder; (2) failing to inform him that he could
not receive probation on the second-degree murder charge; (3)
failing to respond to his allegation of an inaccuracy in the
presentence report; and (4) denying his motion for a compe-
tency examination. *Held:*

1. The failure to inform the defendant of the mandatory
minimum sentence for second-degree murder, a crime punish-
able by a sentence of life or any term of years, does not
constitute error requiring reversal where the defendant pleads
guilty pursuant to a sentence bargain.

2. The trial court's failure to inform the defendant that he
could not receive a sentence of probation for the offense of
second-degree murder was not error requiring reversal because
the defendant was specifically told the sentence that he was to
receive before he pled guilty.

3. The trial court did not commit error requiring reversal by
failing to respond to the defendant's allegation of an inaccuracy
in the presentence report because the defendant's objection was
not to an alleged factual inaccuracy in the report but to a
conclusion drawn from the undisputed facts. Under the circum-
stances there was no need for the trial court to respond.

4. The trial court's denial of the defendant's motion for a
competency examination was not error requiring reversal be-
cause when defense counsel moved for such a hearing, indicat-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 472, 476, 481 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law § 477.
[4] 21 Am Jur 2d, Criminal Law § 528.

ing that the defendnt was unable to assist in his defense, the court asked counsel to try once again to confer with his client. After this conference, counsel apparently indicated that he had been able to communicate with the defendant.

Affirmed.

1. CRIMINAL LAW — PLEA-BARGAINING AGREEMENTS.

A court's failure to inform a criminal defendant of the mandatory minimum sentence for a crime punishable by a sentence of life or any term of years does not constitute error requiring reversal where the defendant enters a plea of guilty pursuant to a sentencing bargain.

2. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A defendant's conviction should be reversed on appeal where the trial court did not comply with the court rule regarding the court's duties in accepting a defendant's plea of guilty to murder, armed robbery, or treason where the defendant pleads guilty and is not informed that he cannot be placed on probation and where the defendant has not been specifically told the exact sentence he would receive if he pled guilty; however, error requiring reversal does not occur where the trial judge does not inform a defendant that by pleading guilty he could not be placed on probation where a defendant is specifically told the sentence he would receive by pleading guilty pursuant to a sentencing agreement (GCR 1963, 785.7[1][f]).

3. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

The policies underlying the court rule regarding the trial court's duty to inform a defendant who pleads guilty to murder, armed robbery, or treason that he could not be sentenced to probation are to ensure that the defendant understands that he cannot expect to receive probation and to enable the defendant to make an intelligent assessment of the value of a bargain offered by the prosectuion (GCR 1963, 785.7[1][f]).

4. CRIMINAL LAW — PRESENTENCE REPORTS.

A trial court's failure to respond to a defendant's allegation of a factual inaccuracy in a presentence report before imposing sentence suggests that the court has failed to recognize and exercise its discretion and a remand for resentencing is required; however, where the defendant's objection is not to an alleged factual inaccuracy in the report but to a conclusion drawn from the undisputed facts, there is no need for the trial court to respond.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

R. M. MAHER, P.J. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), in exchange for dismissal of other charges and a sentence of 20 to 40 years. He appeals as of right.

Defendant initially contends that the trial court erred by failing to inform him of the mandatory minimum sentence for second-degree murder. We disagree. In *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981), the Supreme Court indicated, by failing to cite such an omission as error, that failure to inform a defendant of the mandatory minimum sentence for a crime punishable by a sentence of "life or any term of years" is not error requiring reversal where a sentencing bargain is involved.

Defendant next contends that the trial court erred by failing to inform him, pursuant to GCR 1963, 785.7(1)(f), that he could not receive probation on the second-degree murder charge.

In *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), the Supreme Court adopted the sanction of reversal for noncompliance with subsection (1)(f). The *Rogers* case, which did not involve a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentence bargain, clearly mandates reversal, for noncompliance with (1)(f), of any case in which the defendant has not been specifically told the exact sentence he will receive if he pleads guilty. However, it is unclear whether the *Rogers* rationale also requires reversal in cases involving sentence bargains.

The *Rogers* Court muddied the waters in this regard by noting that this Court had "reached conflicting positions on whether noncompliance with Rule 785.7(1)(f) requires reversal" and by citing four cases which, in the Supreme Court's view, illustrated those conflicting positions:

> "Compare *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979), and *People v Sylvester,* 103 Mich App 499; 303 NW2d 230 (1981), with *People v Thalacker,* 99 Mich App 372; 297 NW2d 670 (1980)." *Rogers, supra,* 672, fn 4.

The paramount difficulty with the Court's analysis of these cases in *Rogers* is that none of the cases stands for the proposition that reversal is invariably required for noncompliance with (1)(f). The opinions in the first three cases cited in the above-quoted footnote held that reversal is not necessarily required whether or not a sentence bargain is involved. In contrast, the fourth case, *Thalacker,* held only that reversal is required unless the defendant was specifically told the sentence he was to receive.

Clearly, the Court in *Rogers* intended to consign *Lendzian, Earl Jones* and *Sylvester* to the judicial scrapheap. However, it is less than clear whether the Supreme Court intended to praise the *Thalacker* rationale or to bury it in a common grave with its ill-conceived relatives.

In order to resolve this problem, we must examine the policies underlying subsection (1)(f). The purpose of (1)(f) is twofold: (1) to ensure that the defendant understands that he cannot expect to receive probation; and (2) to enable the defendant to make an intelligent assessment of the value of a bargain offered by the prosecution. We shall now turn to an analysis of each of these factors.

When a defendant has not been specifically told the sentence he is to receive, it is obviously very important to ensure that he knows that he will not be receiving probation. In contrast, a defendant who is expressly apprised of the sentence he is to receive clearly knows that he will not be receiving probation. Thus, the first policy concern listed above is inapplicable to the instant case.

Similarly, it is very important to ensure that a defendant who has not been specifically told the sentence he is to receive understands that he cannot receive probation, in order to allow him to make an intelligent assessment of any deal offered by the prosecution. However, a defendant who has been expressly informed of the sentence he is to receive is clearly aware of what he is risking in exchange for any promises by the prosecution. Moreover, even if a defendant accepts a sentence bargain under the erroneous assumption that he is pleading to an offense for which he might receive a sentence of probation, he will not be prejudiced thereby, because it is logical to assume that he would have been even more likely to accept the offer if he had been aware that the offense was such that he could not receive a sentence of probation. Hence, the second policy concern referred to above is also inapplicable to the case at bar.

Application of the *Rogers* opinion to the instant case would be senseless. Without a more specific

directive, we are unable to believe that the Supreme Court wishes this Court to follow a course so devoid of reason: the reversal of the conviction of a defendant who has admitted his guilt and who, the record clearly shows, was fully aware that he would not receive probation—for a technical and meaningless failure to comply with GCR 1963, 785.7(1)(f).

We conclude that the *Thalacker* opinion remains good law. Accordingly, because defendant was specifically told the sentence he was to receive, we hold that the trial court's failure to inform him that seocnd-degree murder was an offense for which he could not receive a sentence of probation is not reversible error.

Defendant also contends that the trial court erred by failing to respond to defendant's charge of an inaccuracy in the presentence report. We disagree. Clearly, a trial court's failure to respond to a defendant's charge of a *factual* inaccuracy in the presentence report suggests that it has failed to recognize and exercise its discretion, and a remand for resentencing is required. See *People v Krist,* 107 Mich App 701; 309 NW2d 708 (1981) (R. M. MAHER, P.J., *dissenting), People v Major,* 106 Mich App 226; 307 NW2d 451 (1981), *People v Baker #2,* 103 Mich App 704; 304 NW2d 262 (1981), *People v Perez,* 103 Mich App 636; 303 NW2d 49 (1981), *People v Perez,* 94 Mich App 759; 289 NW2d 857 (1980), *People v Hôrace Williams,* 77 Mich App 402, 405-406, 409-410; 258 NW2d 737 (1977), *People v McIntosh,* 62 Mich App 422, 440-448; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977). Defendant's objection, however, was not to an alleged factual inaccuracy in the report but to a conclusion drawn from the undisputed facts. Under the circum-

stances, there was no need for the trial court to respond.

Finally, defendant contends that the trial court erred by denying his motion for a competency examination. We must disagree. When his trial counsel moved for such a hearing, indicating that defendant was unable to assist in his defense, the court asked the attorney to try once again to confer with his client. After this conference, trial counsel apparently indicated that he had been able to communicate with defendant and, in effect, withdrew the motion. No reversible error occurred.

Defendant's conviction is affirmed.

BEASLEY, J., concurs in the result only.