PEOPLE v COLEMAN

Docket No. 62163. Submitted October 15, 1982, at Grand Rapids.— Decided December 21, 1982. Leave to appeal applied for.

Larry D. Coleman was convicted, on his plea of guilty, in Recorder's Court of Detroit, Clarence Laster, Jr., J., of two counts of armed robbery and one count of felony-firearm. The pleas were entered pursuant to a plea bargain that he would be sentenced to not less than five years nor more than ten years on the armed robbery counts. Defendant appeals, arguing that the plea proceedings are invalid because he was not advised of the mandatory minimum sentence for armed robbery nor was he informed that he could not be placed on probation. *Held:*

1. The defendant was not informed that one convicted of armed robbery could not be placed on probation. The failure to so inform the defendant on the nonprobationable nature of the offense prior to acceptance of his plea of guilty mandates automatic reversal, notwithstanding the fact that the plea agreement included a bargained-for sentence.

2. Even if the rule requiring automatic reversal where the trial court fails to inform a defendant of the nonprobationable nature of the crime to which he pleads guilty is deemed to be prospective only, it would be prospective from February 23, 1981. This plea, having been entered on September 8, 1981, would be subject to the automatic reversal rule.

3. It is unnecessary to consider whether the trial court also erred by failing to inform defendant under these circumstances of the mandatory minimum sentence for armed robbery.

Reversed and remanded.

D. F. WALSH, P.J., concurred with the reasoning and result of the majority but wrote separately on the question of the wisdom of the automatic reversal rule. He would prefer to hold

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 472, 475.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 5 Am Jur 2d, Appeal and Error §§ 948, 952, 955.

[3] 5 Am Jur 2d, Appeal and Error §§ 704, 780.

that automatic reversal is appropriate, if ever, only to correct a
problem affecting the criminal justice process which cannot be
corrected any other way. The failure to inform a defendant of
the nonprobationable nature of an offense is not such a prob-
lem. Reversal is mandated only where the error is prejudicial.
Since there was no prejudice here, were it not for the auto-
matic reversal rule, he would affirm.

### OPINION OF THE COURT

1. ROBBERY — ARMED ROBBERY — GUILTY PLEAS — COURT RULES.

> A trial court, prior to accepting a guilty plea to a charge of
> armed robbery, must personally inform the defendant that
> armed robbery is a nonprobationable offense; failure of a trial
> court to strictly comply with this rule requires the reversal of
> the defendant's conviction for armed robbery even where there
> is a bargained-for sentence (GCR 1963, 787.7[1][f]).

### CONCURRENCE BY D. F. WALSH, P.J.

2. APPEAL — CRIMINAL LAW — AUTOMATIC REVERSAL.

> *Automatic reversal on appeal is appropriate, if ever, only to
> correct a most serious problem affecting the criminal justice
> process which cannot be corrected in any other way.*

3. APPEAL — CRIMINAL LAW — PREJUDICE.

> *Appellate courts should not reverse a conviction unless the error
> is prejudicial.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Don W. Atkins,*
Assistant Prosecuting Attorney, for the people.

*Socorro G. Arce,* for defendant.

Before: D. F. WALSH, P.J., and ALLEN and M. F.
CAVANAGH, JJ.

PER CURIAM. September 8, 1981, in file no. 81-
06114 in the Recorder's Court for the City of
Detroit, defendant and a codefendant, Melvin
Brown, pled guilty to one count of armed robbery

and one count of felony-firearm. At the same proceeding, defendant also pled guilty to one count of armed robbery in file no. 81-06000. Both pleas were entered pursuant to a sentence bargain that defendant would be sentenced to not less than five years nor more than ten years. Following the plea taking, defendant was sentenced to the mandatory two years for felony-firearm, three to five years on one of the armed robbery counts, and five to ten years on the second armed robbery count, the latter armed robbery sentence to run concurrently with the former.

On appeal, defendant does not claim the plea bargain agreement was violated. Instead, defendant argues that the plea proceedings were invalid in two respects: (1) he was not advised of the mandatory minimum sentence for armed robbery; and (2) he was not informed that he could not be placed on probation. Because we find error on the second issue, we need not consider the first issue.

Relying on the following exchange, the prosecution first claims defendant was informed that armed robbery is a nonprobationable offense, the trial court's use of the word "paroleable" being inadvertent:

"*The Court:* Mr. Coleman, on 81-06000, your charge was armed robbery, which is, as I stated, a felony punishable by life imprisonment. Any number of years the court sees fit to impose upon.

"You understand in the firearm, however, that is say that either one of these cases you cannot be paroled. Strike that.

"You cannot get credit for good-time on armed robbery and possession of firearm in the commission or attempt to commit a felony is not paroleable. You must do two years the court impose upon you; do you understand that?

*"Defendant Coleman:* Yes."

However, we believe the trial court's use of the word paroleable rather than probationable was intentional and was done to inform defendant of the consequences of Proposal B.

In *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), the Supreme Court insisted on strict compliance with subsection (f) of GCR 1963, 785.7(1). Subsection (f) requires the court to inform a defendant that armed robbery is a nonprobationable offense. However, the Supreme Court's opinion in *Rogers* did not indicate whether a sentence agreement was involved.[1] In *People v Greene,* 116 Mich App 205; 323 NW2d 337 (1982), one panel of this Court, after noting the absence of a sentence agreement in *Rogers,* held that *Rogers* applied only where there was no sentence bargain and did not apply where, as in the instant case, defendant knew that he was going to prison. However, most panels of this Court have not followed this restrictive reading of *Rogers* and have reversed, albeit reluctantly, whenever the defendant is not informed the offense is nonprobationable, even where, as in the present case, the defendant clearly knows he is going to prison. *People v Shively,* 116 Mich App 323; 323 NW2d 383 (1982); *People v Harrison,* 117 Mich App 472; 324 NW2d

---

[1] While the Supreme Court did not mention whether a sentence bargain had been entered, our review of the Court of Appeals file in the *Rogers* case reveals that a sentence bargain did exist. According to the prosecution's application for leave to the Supreme Court, and the prosecution's appellate brief in the Court of Appeals, Rogers pled guilty to second-degree murder and felony-firearm pursuant to an agreement that defendant would be sentenced to five years for a second conviction under the felony-firearm statute and to a term of from 2 to 15 years for the second-degree murder conviction. The trial court sentenced Rogers in accordance with the agreement.

57 (1982).[2] However, any doubt that strict compliance with *Rogers* is not required where a plea bargain is involved was erased on August 24, 1982, when the Supreme Court, by order no. 69626, reversed *People v Greene:*

"[I]n lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, vacate the defendant's conviction of second-degree murder and remand the matter to the Detroit Recorder's Court for further proceedings. The trial court did not advise the defendant that he could not be placed on probation if he pled guilty to this charge. GCR 1963, 785.7(1)(f); *People v Rogers,* 412 Mich 669 (1982). The existence of a sentence bargain does not negate the requirement that this advice be given." 414 Mich 896 (1982).

The prosecution argues that if this Court is of the opinion that the Supreme Court's order in *Greene* mandates strict, literal and rote compliance with GCR 1963, 785.7(1)(f)—and we are of that opinion—then at least the Supreme Court's order in *Greene* should be given prospective effect only. Pointing to the division among various panels of this Court on the degree of compliance required by subsection (f), to the onerous burden which the prosecution believes will be placed on the criminal justice system if the Supreme Court's order in *Greene* is retroactively enforced, and to the fact that defendants who plead guilty under a sentence bargain involving a term of years are not prejudiced by a trial court's failure to state that

---

[2] *Contra: People v Freeman,* 73 Mich App 568; 252 NW2d 518 (1979). Likewise, where no sentence bargain was involved, this Court has split on the question of whether failure to inform defendant that the offense is nonprobationable is reversible error. Holding the error harmless is *People v Lendzien,* 80 Mich App 323; 263 NW2d 360 (1977), and *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979). Holding to the contrary is *People v Thalacker,* 99 Mich App 372; 297 NW2d 679 (1980).

the offense charged is a nonprobationable offense, the prosecution concludes that under the three-factor test set forth in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), prospective application is mandated.[3]

We are not unsympathetic to the prosecution's argument. In the seven years transpiring since the adoption of GCR 1963, 785.7(1)(f), a substantial number of charges involving nonprobationable offenses have been disposed of by guilty pleas without strict and literal compliance with the rule as mandated by *Rogers.* Many involved sentence bargains where the defendant knew he would go to prison rather than be placed on probation. If all of these cases are to be reversed, the burden imposed on the state's already overburdened criminal justice system would be staggering.

Nevertheless, this Court must follow the dictates of the Supreme Court. The Supreme Court's order in *Greene,* quoted above, relies on *Rogers, supra.* The language and rationale of *Rogers* clearly appears to preclude limiting the rule announced in *Rogers* to prospective application.

"Since then *[Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975)], the Court of Appeals has reached conflicting positions on whether noncompliance with Rule 785.7(1)(f) requires reversal. We have insisted on strict compliance with two other subsections on sentence consequences, Rule 785.7(1), subds (b) and (d). *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). The requirements of Rule 785.7 as to advice on sentence consequences represents our judgment that it is important that the defendant be advised of these sentence

---

[3] "The United States Supreme Court has discussed various factors to be used in determining whether a law should be applied retroactively or prospectively. There are three key factors which the court has taken into account: (1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice." *Hampton,* p 674.

consequences before pleading guilty to an offense. We underscored this importance in *Jones* by imposing the sanction of reversal for noncompliance with (1)(b) and (1)(d); we believe (1)(f) is of the same stature and adopt the same sanction for noncompliance." *Rogers,* pp 671-672. (Footnote omitted.)

Furthermore, while the defendant in the instant case pled guilty prior to *Rogers,* he pled guilty after *Jones.* The language of *Rogers* reaffirms the rule of strict compliance earlier mandated in *Jones.*[4] Thus, it can be reasonably argued that, if only prospective effect is to be given to the Supreme Court's order in *Greene,* it should date back to February 23, 1981, the date of the decision in *Jones.* For the foregoing reasons, we decline to give the Supreme Court's order in *Greene* prospective effect only. Because the trial court failed to inform defendant that armed robbery was a nonprobationable offense and because this was a violation of GCR 1963, 785.7(1)(f), defendant's conviction is reversed and remanded to the Recorder's Court of Detroit for further proceedings.

Reversed and remanded.

D. F. WALSH, P.J. *(concurring).* I concur reluctantly. I write separately to urge the Supreme Court to re-examine the policy considerations for its decision in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982).

In *Rogers,* the Court imposed the sanction of automatic reversal for failure to follow subsection (1)(f) of the guilty plea rule (GCR 1963, 785.7) even

[4] In *Jones* the trial court informed that defendant that if he accepted the guilty plea, he would impose a sentence of no more than 10 to 15 years. Thus, that defendant knew he was not to be given probation. However, the court did not tell the defendant he could not be put on probation nor did he tell the defendant the maximum possible sentence was life imprisonment.

absent any demonstration of prejudice to the defendant. In my judgment the imposition of the sanction of automatic reversal is appropriate, if ever, only to correct a most serious problem affecting the criminal justice process, a problem which cannot be corrected in any other way. The extremely remote possibility that a murderer or an armed robber may enter a plea of guilty because of the mistaken belief that he or she will be placed on probation is not a problem requiring such a drastic and inflexible remedy. The voluntariness of such pleas can be insured adequately by appellate consideration of each case on its own merits with reversal required only for prejudicial error. As the Supreme Court stated in *People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972): "[A]ppellate courts should not reverse a conviction unless the error was prejudicial." There was no prejudicial error in this case. Were it not for the mandate of *People v Rogers, supra,* therefore, I would affirm.