PEOPLE v. PATTERSON

1. Criminal Law — Plea of Guilty — Constitutional Rights — Waiver.

An express waiver by a defendant of his constitutional rights when entering a plea of guilty is not necessary, and where a defendant has been informed of his rights and then pleads guilty, he waives those rights.

2. Criminal Law—Plea of Guilty—Understanding—Prior Procedural Errors—Waiver.

A defendant need not be informed that by pleading guilty he waives prior procedural errors to make his plea understandingly.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 June 2, 1970, at Lansing. (Docket No. 8,484.) Decided July 2, 1970.

Billy Patterson was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*James I. Bearinger,* for defendant on appeal.

---

References for Points in Headnotes

[1]  21 Am Jur 2d, Criminal Law § 495.
[2]  21 Am Jur 2d, Criminal Law §§ 487, 489.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

PER CURIAM. The defendant, while represented by counsel, pled guilty to a charge of breaking and entering with intent to commit larceny. MCLA § 750-.110 (Stat Ann 1970 Cum Supp § 28.305). Before the plea was accepted, the trial court informed him of his constitutional rights. On this appeal the defendant raises three issues.

The defendant, relying on *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), contends that it was error to accept his plea because he had not expressly waived all of his constitutional rights. Under Michigan law, an express waiver is not necessary. When a defendant pleads guilty, after he has been informed of his constitutional rights, he waives those rights. *People* v. *Dunn* (1968), 380 Mich 693. We do not believe that *Boykin, supra,* changes this rule.

The defendant contends that when he explained his participation in the crime, he did not detail sufficient facts upon which the court could find the necessary element of intent. The record does not support this contention.

The defendant contends that his plea was not made understandingly, because he was not informed that by pleading guilty he waived prior procedural errors. It is not necessary that such information be given. *People* v. *Dunn, supra.*

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.