PEOPLE v. SAGE

CRIMINAL LAW—PLEA OF GUILTY—CONSEQUENCES OF PLEA—CONSTI-
TUTIONAL RIGHTS—WAIVER.
    A defendant who pleads guilty, after he has been informed of his
    constitutional rights, waives those rights; the defendant's ex-
    press waiver of his constitutional rights is not necessary.

Appeal from Genesee, John W. Baker, J.  Sub-
mitted Division 2 December 8, 1970, at Lansing.
(Docket No. 8051.)  Decided January 26, 1971.

Dana Michael Sage and Peter Anthony Miles
were convicted, on their pleas of guilty, of unarmed
robbery.  Defendant Sage appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

*James I. Bearinger,* for defendant Sage on appeal.

Before: McGREGOR, P. J., and T. M. BURNS and
ANDREWS,* JJ.

PER CURIAM.  Having been charged with unarmed
robbery, contrary to MCLA § 750.530 (Stat Ann

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 495.

1954 Rev § 28.798), the defendant-appellant Sage and codefendant Miles, while represented by counsel, entered pleas of guilty on July 14, 1969. On August 20, 1969, defendant-appellant Sage was sentenced to serve from 2 to 15 years in prison; he now appeals as of right, contending that his plea was not properly entered.

His primary contention, founded upon *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) is that a record devoid of express waivers is a "silent" record, and that such a record will not support a guilty plea. This argument was made recently in *People* v. *Patterson* (1970), 25 Mich App 246, and this Court rejected it, saying:

"Under Michigan law, an express waiver is not necessary. When a defendant pleads guilty, after he has been informed of his constitutional rights, he waives those rights. *People* v. *Dunn* (1968), 380 Mich 693. We do not believe that *Boykin, supra,* changes this rule."

Appellant's other claims of error are not meritorious. It appears from the record that the plea was freely, understandingly, and voluntarily made and complied with GCR 1963, 785.3. No miscarriage of justice has resulted.

Affirmed.