PEOPLE *v* SULLIVAN

1. Criminal Law—Plea of Guilty—Voluntariness—Motion to Vacate.

A defendant's contention that his plea of guilty was not voluntary and was not supported by the record must first be raised in the trial court by a motion to vacate or withdraw the plea.

2. Criminal Law—Plea of Guilty—Jury Trial—Waiver.

The statutory requirement that a waiver of a jury trial in criminal cases must be in writing applies only to a trial by a judge and does not apply to a plea of guilty (MCLA 763.3).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 January 13, 1972, at Lansing. (Docket No. 11593.) Decided January 26, 1972.

Michael H. Sullivan was convicted, on his plea of guilty, of illegal possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Gerard F. Wigle,* for defendant on appeal.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 491.
[2] 21 Am Jur 2d, Criminal Law § 495.

Before: Danhof, P. J., and T. M. Burns and O'Hara,* JJ.

Per Curiam. The defendant appeals his plea-based conviction of possession of narcotics. MCLA 335.153; MSA 18.1123. We affirm.

The defendant contends that his plea was involuntary. It is well settled that a claim that a plea is not voluntary, not supported by the record, must first be raised in the trial court by an appropriate motion. *People v Horvath*, 25 Mich App 649 (1970); *People v Dorner*, 24 Mich App 306 (1970); *People v Minson*, 24 Mich App 692 (1970); *People v Kenny Smith*, 20 Mich App 307 (1969); *People v Bartlett*, 17 Mich App 205 (1969).

The defendant contends that his admission of guilt was equivocal. This contention is not supported by the record.

The defendant contends that he did not validly waive his right to trial by jury. The record shows that the defendant was aware of his right to trial by jury, and therefore, he waived that right by pleading guilty. *People v Patterson*, 25 Mich App 246 (1970), *People v Sage*, 30 Mich App 150 (1971). Defendant argues that MCLA 763.3; MSA 28.856 requires that a waiver of a jury trial be in writing. By its terms this statute applies only to trial by a judge and has no application to a guilty plea.

Affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.