PEOPLE v BEATY

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—MAXIMUM
   SENTENCE—ADVICE AT ARRAIGNMENT—COURT RULES.
   A defendant was properly advised of the maximum sentence for
   the offense to which he pled guilty, as required by court rule,
   where the trial judge advised him of the maximum penalty for
   the offense at his arraignment (GCR 1963, 785.7[1][b]).

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—MAXIMUM
   SENTENCE—ADVICE AT ARRAIGNMENT—COURT RULES.
   *Failure of a trial judge at a guilty-plea hearing to inform the
   defendant of the maximum sentence for the offense to which
   the plea is offered is reversible error, whether or not the
   defendant was advised of the maximum sentence at his ar-
   raignment four months earlier (GCR 1963, 785.7[1][b]).*

Appeal from Calhoun, Ronald M. Ryan, J. Sub-
mitted October 5, 1976, at Grand Rapids. (Docket
No. 23543.) Decided November 8, 1976. Leave to
appeal applied for.

Lawrence Beaty was convicted, on his plea of
guilty, of delivery of cocaine. Defendant appeals by
leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John J. Rae,* Prose-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 487, 491.
  Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

cuting Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for the people.

*Elizabeth Schwartz,* Assistant State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and D. E. Holbrook and T. M. Burns, JJ.

R. B. Burns, P. J. Defendant pled guilty to delivery of cocaine. MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). On appeal he claims the trial court erred by not informing him of the maximum sentence for the offense.

GCR 1963, 785.7[1] [b] requires the trial judge to advise the defendant of, "(b) the maximum sentence and the mandatory minimum sentence, if any, for the offense to which the plea is offered".

Defendant was originally arraigned in circuit court on three counts. At that time the trial judge advised him of the maximum penalty for each of the three counts.

Defendant was advised of the maximum penalty for the offense to which his plea was offered.

Affirmed.

D. E. Holbrook, J., concurred.

T. M. Burns, J. *(dissenting).* At the guilty plea hearing the trial court did not advise the defendant of the maximum sentence for the offense to which the plea was offered as required by GCR 1963, 785.7(1)(b). The procedure under subrule 785.7 was expressly made mandatory. GCR 1963, 785.7(5). In *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), the Supreme Court reaffirmed the rule of strict compliance with respect to this requirement:

"The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences. A failure to impart the information so required by this subsection (b) will continue to require reversal."

The majority accepts the prosecutor's argument that the error was not reversible because the defendant was told what the maximum sentence was at his arraignment four months prior to the entry of his guilty plea. This has nothing to do with the requirement that the defendant be advised of the fact *by the trial judge, at the guilty plea hearing.* This argument is answered by the Supreme Court in *Guilty Plea Cases, supra,* at 121:

"Many defendants have been made aware at one time or another of the right to and incidents of a trial and the consequences of a plea of guilty. Nevertheless, whatever the personal history of the accused and the quality of his representation, the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations required by the rule."

I would reverse and remand for trial.