PEOPLE v HIBBITT

CRIMINAL LAW—WAIVER OF JURY TRIAL—PLEA OF GUILTY—STATUTES.
  A defendant has the right to waive a jury and may, if he so elect, be tried before the court without a jury, but the oral acknowledgment of a written waiver on the record, as required by statute, does not apply where there is a plea of guilty (MCLA 763.3; MSA 28.856).

Appeal from Recorder's Court of Detroit, Samuel C. Gardner, J. Submitted January 12, 1977, at Detroit. (Docket No. 27145.) Decided March 31, 1977.

Sam Hibbitt was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Elliard, Crenshaw & Strong, P. C.,* for defendant on appeal.

Before: M. J. KELLY, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. Defendant appeals by right from his plea of guilty to the offense of manslaughter.

The sole ground asserted on appeal is that there was no oral acknowledgement of the written waiver on the record as required by MCLA 763.3;

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 219.
47 Am Jur 2d, Jury §§ 61–89.
Sufficiency of waiver of full jury. 93 ALR2d 410.

MSA 28.856.[1] Defendant's reliance on the above
statute is misplaced. It has application only to an
election by defendant to be tried by the court
rather than by a jury. It does not apply to pleas of
guilty. Moreover, we note defendant waived his
right to a trial by jury at the plea-taking and that
the plea conformed in all other respects with GCR
1963, 785.

Affirmed.

---

[1] MCLA 763.3 provides in part:

"In all criminal cases arising in the courts of this state whether
cognizable by justices of the peace or otherwise, the defendant shall
have the right to waive a *determination of the facts by a jury* and
may, if he so elect, be tried before the court without a jury." (Emphasis supplied.)