PEOPLE v JONES

PEOPLE v TERRENCE GRANT

PEOPLE v ALBERT GRANT

Docket Nos. 64356, 64357, 64815-64818. Decided February 23, 1981.
On request for review of the record by the defendant in *Jones,*
and on application by the people for leave to appeal in the
*Grant* cases, the Supreme Court, in lieu of granting leave to
appeal, set aside the convictions in *Jones* and affirmed the
judgments of the Court of Appeals to the same effect in *Grant,*
and remanded all the cases to the Recorder's Court of Detroit
for further proceedings.

*Jones* (Docket Nos. 64356, 64357). Abraham Jones was convicted
on his plea of guilty in Recorder's Court of Detroit, Michael F.
Sapala, J., on two counts of armed robbery. On appeal the
defendant argued that his plea should be set aside because he
had not been informed that he could not be put on probation or
that the maximum possible sentence was life imprisonment.
The Court of Appeals, V. J. Brennan, P.J., and Bashara and
N. J. Kaufman, JJ., granted the people's motion to affirm
(Docket Nos. 45046, 45047). The defendant requests review of
the record.

*Grant* (Docket Nos. 64815-64818). Terrence Grant and Albert
Grant were convicted on their pleas of guilty in Recorder's
Court of Detroit, Robert L. Evans, J., on various counts of
armed robbery and one count each of felony-firearm. The Court
of Appeals, Bronson, P.J., and Riley and Quinnell, JJ., in an
unpublished per curiam opinion, reversed all of the convictions
on the ground that the defendants had not been advised of the
maximum sentences or of the mandatory minimum sentences
when their pleas were taken (Docket Nos. 78-5489, 43088,
44107, 44108). The people apply for leave to appeal. *Held:*

There must be strict compliance with the requirements of the
court rule that the defendant shall be told directly, before the
taking of his plea, the maximum possible sentence and any
mandatory minimum. Failure to inform the defendant of these
things requires reversal. In each of these cases there was a
failure to inform the defendants of some of these things.

The convictions are set aside in *Jones,* the judgments of the
Court of Appeals setting aside the convictions in *Grant* are

affirmed, and the cases are remanded to the Recorder's Court of Detroit for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Gary Dettloff,* Assistant Prosecuting Attorney, for the people in *Terrence Grant* and *Albert Grant.*

Abraham Jones, *in propria persona.*

*Golden & Smokler* for defendant Terrence Grant.

*Vincent D. Giovanni* for defendant Albert Grant.

PER CURIAM. GCR 1963, 785.7(1) provides in part:

"Speaking directly to the defendant, the court shall tell him:

\* \* \*

"(b) the maximum possible prison sentence for the offense;

\* \* \*

"(d) the mandatory minimum prison sentence, if any, for the offense."

These cases all involve, in varying degrees, a failure to comply with this rule. We adhere to the position announced in 1975[1] and reiterated in 1977[2] that a failure to comply with Rule 785.7(1), subds (b) and (d) requires that the resulting plea-based conviction be set aside. While it is clear that

---

[1] *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

[2] *People v Beaty,* 400 Mich 813 (1977).

each of these guilty pleas involved "sentence bargaining" during which the judge agreed to limit the range of his sentencing discretion, that fact does not alter the responsibility of the judge under Rule 785.7(1), subds (b) and (d).[3]

# I

# A

Abraham Jones pled guilty to two counts of armed robbery on February 23, 1979. The judge advised him:

"I have told your attorney to inform you that should I accept these pleas of guilty, that I will impose a sentence of no more than 10 to 15 years.

\* \* \*

"It is conceivable that after receiving the presentence report that I will sentence you to a lesser minimum.

\* \* \*

"But it's always possible that I would sentence you to 10 to 15 years."

The judge did not tell the defendant that he could not be put on probation for armed robbery nor did the judge tell the defendant that the maximum possible sentence was life imprisonment. Because of these omissions, the defendant argued in the Court of Appeals that his plea should be set aside. The prosecutor responded with a motion to affirm which the Court of Appeals granted on November 13, 1979. The defendant filed a request for review in this Court.

---

[3] We do not address the propriety of a judge's participation in the bargaining process, which is an issue before the Court in *People v Briggs* (Docket No. 64571) and *People v Killebrew* (Docket Nos. 64397, 64398), *leave to appeal granted* 408 Mich 958, 959 (1980).

## B

Terrence Grant pled guilty to nine counts of armed robbery and one count of possession of a firearm in the course of a felony on October 10, 1978. Albert Grant pled guilty to two of the armed robberies in which Terrence Grant was involved and possession of a firearm in the commission of one armed robbery.[4] The judge essentially told them each of the sentence bargain that had been negotiated: 13 to 25 years on the underlying felony and an additional 2 years on the firearm conviction.

The defendants argued in the Court of Appeals that they had been advised neither of the maximum sentences nor the mandatory minimum. In an unpublished per curiam opinion, the Court of Appeals agreed and reversed all the convictions. The prosecutor has filed applications for leave to appeal which address the same fundamental issue as that in *Jones.*

## II

In the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), we tempered the rule of *People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974), that any deviation from Rule 785.7 required reversal of a plea-based conviction and said, "Noncompliance with a requirement of Rule 785.7 may but does not necessarily require reversal."[5] The effect of noncompliance, we added, "will depend on the nature of the noncompliance".[6] With respect to a

---

[4] One of Terrence Grant's armed robbery convictions and one of Albert Grant's, in Recorder's Court No. 78-05895, are not before us in these appeals. Consequently, our judgment order does not affect those convictions.

[5] 395 Mich 113.

[6] 395 Mich 113.

failure to inform the defendant of the maximum and any mandatory minimum prison sentence, however, we stated categorically that failure "will continue to require reversal":

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee.

"The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences. A failure to impart the information so required by this subsection (b) [now (b) and (d)] will continue to require reversal." 395 Mich 118.

In *People v Beaty,* 72 Mich App 159; 249 NW2d 337 (1976), the Court of Appeals said it was sufficient to satisfy the rule for the trial judge to have informed the defendant of the maximum penalty at the arraignment. Judge THOMAS M. BURNS dissented:

"The procedure under subrule 785.7[(1)(b)] was expressly made mandatory. GCR 1963, 785.7[4]. In *Guilty Plea Cases,* 395 Mich 96, 118; 235 NW2d 132 (1975), the Supreme Court reaffirmed the rule of strict compliance with respect to this requirement:

" 'The rule reflects the extent to which this Court is willing to impose on the judge the obligation of informing the defendant of such consequences. A failure to impart the information so required by this subsection (b) will continue to require reversal.'

"The majority accepts the prosecutor's argument that the error was not reversible because the defendant was told what the maximum sentence was at his arraignment four months prior to the entry of his guilty plea. This has nothing to do with the requirement that the defendant be advised of the fact *by the trial judge, at the guilty plea hearing."* 72 Mich App 160-161.

We peremptorily reversed "for the reasons stated by Judge THOMAS M. BURNS in dissent". 400 Mich 813 (1977).

### III

The judges in these cases

—did not tell Abraham Jones that the maximum sentence for armed robbery is life imprisonment; and

—did not tell Terrence Grant or Albert Grant that the maximum sentence for armed robbery is life imprisonment or that possession of a firearm in the course of a felony carries a mandatory two-year term of imprisonment.

We once again advise the bench and bar that there must be strict compliance with Rule 785.7(1), subds (b) and (d). Consequently, in lieu of granting leave to appeal, we affirm the judgments of the Court of Appeals in the Grants' appeals, reverse the judgments of the Court of Appeals in Jones' appeals, and set aside those plea-based convictions. We remand all the cases to the Recorder's Court for the City of Detroit for further proceedings.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.