PEOPLE v JONES

Docket No. 51961. Submitted November 3, 1980, at Detroit.—Decided
    April 9, 1981. Leave to appeal denied, 411 Mich 56.

    Thomas F. Jones was convicted on his plea of guilty before the
    Recorder's Court of Detroit, Michael J. Connor, J., of attempted
    larceny from a person, felonious assault and felony-firearm. At
    the beginning of the plea hearing, the trial court indicated that
    he would impose sentences of no more than one to five years on
    the larceny count, one to four years on the assault count and
    the mandatory two years on the felony-firearm count. The trial
    court did not, however, specifically inform the defendant that
    the maximum sentence on the larceny count was five years, the
    maximum sentence on the assault count was four years and
    that a flat two-year sentence must be imposed on all felony-
    firearm convictions. Defendant appeals, alleging that reversible
    error resulted from the trial court's failure to specifically
    inform him of the maximum sentences that could be imposed
    prior to the court's acceptance of his guilty plea, as required by
    the court rules. *Held:*

        The fact that the trial court, as part of some plea agreement,
    limited his sentencing discretion does not alter the court's
    responsibility to satisfy the court rule's mandate that the
    defendant shall be informed of the maximum sentence before
    acceptance of a guilty plea. Since it is conceivable that the
    defendant may have thought that the potential maximum
    sentences for these charges were much greater, and thus of-
    fered his plea of guilty to avoid what he perceived to be a much
    greater potential maximum sentence, it was reversible error for
    the trial court to fail to specifically inform the defendant of the
    maximum sentences which could be imposed, as required by
    the court rule.

        Reversed.

        V. J. BRENNAN, J., dissented. He would hold that, since the
    statements of the trial court with regard to the sentences
    which might be imposed incorporated the statutory maximum

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 487, 489.

sentences, the failure of the trial court to use the magic words "maximum possible sentence" does not mandate reversal. He would affirm.

### Opinion of the Court

1. Criminal Law — Guilty Pleas — Maximum Sentence — Court Rules.

   It is reversible error for a trial court to fail to specifically inform a defendant prior to the acceptance of a guilty plea of the maximum sentence which may be imposed even where the trial court indicates that it intends to limit the range of its sentencing discretion (GCR 1963, 785.7[1][b], [d]).

### Dissent by V. J. Brennan, J.

2. Criminal Law — Guilty Pleas — Maximum Sentence — Court Rules.

   *A defendant is informed of the maximum sentence within the meaning of the court rule governing the acceptance of guilty pleas where the judge indicates that the sentence will be no more than a specified range and the upper limit of that range is the maximum sentence for the crime charged even though the judge fails to specifically state that the upper figure of the range was the maximum sentence (GCR 1963, 785.7[1][b], [d]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Edwards & Edwards,* for defendant.

Before: D. C. Riley, P.J., and J. H. Gillis and V. J. Brennan, JJ.

J. H. Gillis, J. The transcript of the guilty plea in this cause commences as follows:

"I did indicate to counsel that if the pleas were offered and accepted, it would be my intention to impose a sentence of no more than one to five, no more

than one to four. Those sentences would run concurrently. It might be less but it would be no more than that and on the possession of a firearm, as I indicated to you, it would be a mandatory two years."

No other advice regarding potential sentences was given to defendant on the record.

GCR 1963, 785.7(1)(b) mandates that the trial court, prior to accepting the plea, shall advise the defendant of the maximum possible prison sentence for the offense.

In *People v Jones,* 410 Mich 407, 408-409; 301 NW2d 822 (1981), the Court specifically held:

"While it is clear that each of these guilty pleas involved 'sentence bargaining' during which the judge agreed to limit the range of his sentencing discretion, that fact does not alter the responsibility of the judge under Rule 785.7(1), subds (b) and (d)."

While the trial court clearly advised the defendant that he was limiting the range of his sentencing, the judge did not explicitly advise the defendant of the maximum possible prison sentence for the offense, and, thus, we must reverse.

Conceivably, defendant might have thought that the potential sentences were much greater and that he would be better off limiting his liability by pleading guilty since the judge would sentence him to no more than one to five years on the attempted larceny from a person, one to four years on the felonious assault and to a flat two years on the possession of a firearm in the commission or attempted commission of a felony.

The other allegations of error presented for our review have been examined and we find no reversible error as to those issues.

Reversed.

D. C. Riley, P.J., concurred.

V. J. Brennan, J. *(dissenting)*. I respectfully dissent. I am convinced that in the instant case defendant's pleas were offered with full knowledge of the maximum possible sentence. Defendant was charged in a three-count information with larceny from a person, felonious assault and felony-firearm and pled guilty to attempted larceny from a person, which carries a maximum sentence of five years, MCL 750.357; MSA 28.589, MCL 750.92; MSA 28.287, felonious assault, which carries a maximum sentence of four years, MCL 750.82; MSA 28.277, MCL 750.503; MSA 28.771, and felony-firearm, which carries a mandatory sentence of two years, MCL 750.227b; MSA 28.424(2).

The record in the instant case demonstrates that the trial court followed the mandates of *Peoples v Jones,* 410 Mich 407; 301 NW2d 822 (1981). The following excerpt from the plea transcript shows that the trial court informed the defendant prior to accepting his pleas that:

"*[The Court:]* I did indicate to counsel that if the pleas were offered and accepted, it would be my intention to impose a sentence of no more than one to five, nor more than one to four. Those sentences would run concurrently. It might be less but it would be no more than that and on the possession of a firearm, as I indicated to you, it would be a mandatory two years."

The above excerpt sufficed to notify the defendant that the maximum possible sentence for larceny from the person was five years, for felonious assault was four years and for felony-firearm was a mandatory two years. Even though he did not use the magic words "maximum possible sentence", the message was clear.

I do not read *Jones* as requiring any more than that the trial court impart to the defendant the maximum possible sentence allowed under the applicable statute. In *Jones,* the Court was addressing an "omission", *viz.,* the trial court's complete failure to inform the defendants that the maximum possible sentence under the statute for armed robbery was life imprisonment. A comparable omission is not present in the instant case. I find no reversible error, and would affirm the defendant's conviction.