PEOPLE v BELKNAP

Docket No. 52048. Submitted June 4, 1981, at Lansing.—Decided
September 10, 1981. Leave to appeal applied for.

Robert L. Belknap tendered pleas of nolo contendere to charges of
armed robbery and unarmed robbery in Hillsdale Circuit Court.
The pleas were accepted and defendant was sentenced Harvey
W. Moes, J. Defendant appeals, contending that the trial court
committed reversible error in failing to inform him of the
nonprobationable nature of the armed robbery conviction, pur-
suant to GCR 1963, 785.7(1)(f), and by failing to require the
defendant's waiver of jury trial to be made in writing. *Held:*

1. The defendant's plea to armed robbery was not rendered
invalid by the trial court's failure to strictly comply with the
court rule because he was made aware of and fully understood
the offense with which he was charged and the potential
punishments therefor.

2. The statute which requires that a waiver of jury trial be in
writing applies only to trial by a judge and has no application
to a plea of guilty or nolo contendere.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — NONPROBATIONABLE OFFENSES
   — COURT RULES.

   Strict compliance with the court rule which requires that a trial
   court, prior to accepting a guilty or nolo contendere plea to a
   criminal offense, must first inform the defendant that the
   offense is nonprobationable is not required where the defendant
   is made aware of and fully understands the offense with which

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 477.
   Construction and application of Rule 11[c] of Federal Rules of
   Criminal Procedure, as amended in 1975, requiring court to give
   certain advice to defendant before accepting plea of guilty or nolo
   contendere. 41 ALR Fed 874.
   Ineligibility for parole as "consequence" of guilty plea which trial
   judge must determine a defendant understands, under Rule 11 of
   Federal Rules of Criminal Procedure. 8 ALR Fed 760.
[2] 21A Am Jur 2d, Criminal Law § 898.

he is charged and potential punishments therefor (GCR 1963, 785.7[1][f]).

2. CRIMINAL LAW — GUILTY PLEAS — JURY TRIAL — WAIVER — STATUTES.

   The statutory requirement that a waiver of a jury trial in criminal cases must be in writing applies only to a trial by a judge and does not apply to a plea of guilty or nolo contendere (MCL 783.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael R. Smith,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*James D. Hayne,* for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

M. J. KELLY, P.J. In proceedings below, the defendant tendered separate pleas of nolo contendere to charges of armed robbery, MCL 750.529; MSA 28.797, and unarmed robbery, MCL 750.530; MSA 28.798. On April 28, 1980, the lower court imposed a sentence of from 15 to 50 years imprisonment for the armed robbery charge and a 10- to 15-year sentence for unarmed robbery. The sentences were to run concurrently. The defendant appeals as of right and raises two issues.

It is first alleged that the trial court committed reversible error in failing to inform defendant of the nonprobationable nature of the armed robbery conviction, pursuant to GCR 1963, 785.7(1)(f). In a recent decision, *People v Sylvester,* 103 Mich App 499, 504-505; 303 NW2d 230 (1981), we noted the current split on this Court on the issue of strict

---

* Circuit judge, sitting on the Court of Appeals by assignment.

compliance[1] with subrule (f). At that time two lines of decisions were at odds: *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977) (failure to comply with subrule [f] excused where armed robbery charge, indicating potential maximum and minimum sentences, was read to and understood by defendant), and *People v Earl Jones,* 94 Mich App 232; 288 NW2d 385 (1979) (similar failure excused where defendant was a prior offender and parolee with presumed knowledge of the law and offense of second-degree murder was a grievous one), were at odds with *People v Thalacker,* 99 Mich App 372, 375; 297 NW2d 670 (1980) *(Lendzian* and *Jones* wrongly decided; provisions of GCR 1963, 785.7[1][f] may only be waived where a sentence bargain is made). The *Sylvester* panel joined the *Lendzian* and *Jones* rationale, stating:

"We disagree with the restrictive ruling of *Thalacker* and hold that the trial court's error herein was harmless. In so holding, we note the conclusion of the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), regarding general adherence to the rule's requirements:

" 'We conclude that the policy expressed in *[People v Shekoski,* 393 Mich 134; 224 NW2d 656 (1974)]*,* that any failure of strict adherence to the procedure and practice specified in Rule 785.7 mandates reversal, should be modified. Noncompliance with a requirement of Rule 785.7 may but does not necessarily require reversal.

" 'Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance.'

"This general holding is not applicable to all sections

---

[1] If "strict compliance" means "make no errors on pain of reversal" it is a concept alien to the American Criminal Justice System and should be exorcised. Judges make mistakes. They always have and always will. Proper direction of the inquiry of reviewing courts is in the area of delivery of justice.

of the disputed court rule. In *Guilty Plea Cases,* the majority specifically held that noncompliance with subsection (b) of the rule 'will continue to require reversal'. *Id.,* 118. However, we can discern no intent from *Guilty Plea Cases* that the holding quoted should not apply to the new court rules issued as part of the Supreme Court's opinion, specifically GCR 1963, 785.7(1)(f).

"The present case closely resembles *People v Lendzian, supra.* As in *Lendzian,* the defendant indicated his understanding of the sentencing consequences of his decision to enter into a plea bargain. Where the defendant so understood the charge and sentencing imposable by the second-degree murder statute, the trial court's failure to strictly comply with GCR 1963, 785.7(1)(f) does not constitute reversible error." *Sylvester, supra,* 505-506.

We hold that *Sylvester,* applying *Guilty Plea Cases, supra,* aptly states the inquiry necessary to determine whether a specific failure to comply with GCR 1963, 785.7(1)(f) constitutes reversible error.[2]

---

[2] At first glance, the instant case would appear to be covered by the Supreme Court's recent decision in *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). However, we find this decision distinguishable from the instant case. The confusion in *Jones* arises from the Supreme Court's summary of the facts relating to one of the defendant's (Abraham Jones's) appeals. The Court stated:

*"The judge did not tell the defendant [Abraham Jones] that he could not be put on probation for armed robbery nor did the judge tell the defendant that the maximum possible sentence was life imprisonment.* Because of these omissions, the defendant argued in the Court of Appeals that his plea should be set aside. The prosecutor responded with a motion to affirm which the Court of Appeals granted on November 13, 1979. The defendant filed a request for review in this Court." *People v Jones, supra,* 409. (Emphasis added.)

From this discussion, it would appear that the Court was going to require the information about armed robbery not being probationable to be given to fulfill a trial court's burden to inform about maximum and minimum sentences under GCR 1963, 785.7(1)(b) and (d), the rules which were at issue in *Jones.* However, there is no further mention in the *Jones* opinion of the trial court's failure to mention that probation is unavailable for armed robbery. The Court then concluded:

"The judges in these cases—did not tell Abraham Jones that the maximum sentence for armed robbery is life imprisonment; and—did not tell Terrence Grant or Albert Grant that the maximum sentence

Our review of the facts in this case discloses that the defendant waived a reading of the armed robbery statute at the time of his plea. During the plea-taking proceeding below, however, the defendant was informed that armed robbery carried a potential term of "life imprisonment or any term of years up to life imprisonment", thus imparting to the defendant the same sentence information embodied in the armed robbery statute. Thereafter, the following colloquy between the trial court and defendant took place:

"*The Court:* All right. Since you have entered a plea of no contest or nolo contendere, I again want to make sure you understand the nature of the charge that has been placed against you. It is a charge of armed robbery, and as I mentioned, carries with it a possible imprisonment of up to life or any term of years lesser than life.

"The charge is that on November 12, 1979, at the Log Cabin Store, south of Hillsdale, here in Hillsdale County, located in Woodbridge Township, and more specifically at 808 South Hillsdale Road, you did assault with a dangerous weapon, in this case, a knife, one Peggy Louise Wingate; that as a result of that assault and with that knife you did then and there at that time take from her or steal some property that she had in

for armed robbery is life imprisonment or that possession of a firearm in the course of a felony carries a mandatory two-year term of imprisonment.

"We once again advise the bench and bar that there must be strict compliance with Rule 785.7(1), subds (b) and (d). Consequently, in lieu of granting leave to appeal, we affirm the judgments of the Court of Appeals in the Grants' appeals, reverse the judgments of the Court of Appeals in Jones' appeals, and set aside those plea-based convictions." *Id.,* 412.

Thus, the sole basis for reversing as to *Jones,* with respect to subrules (b) and (d), was that the maximum sentence was not mentioned—not that the unavailability of probation was overlooked. We thus conclude that *Jones* is not authority for a holding that the failure to inform a defendant of the nonprobationable nature of an offense is per se reversible error.

her possession or under her control, in this case, money or beer.

"And again I mention to you that the possible penalty is up to life imprisonment.

"Do you understand, Mr. Belknap, that if your plea of no contest or nolo contendere is accepted, that this would constitute a conviction of that particular charge placed against you; that it would be a conviction of the charge of armed robbery?

*"Defendant Belknap:* Yes."

From this exchange it is apparent that the defendant, prior to the lower court's acceptance of his nolo contendere plea, was made aware of and fully understood the offense with which he was charged and potential punishments. Applying the rule established in *Lendzian* and followed in *Sylvester,* we thus hold that the defendant's plea to armed robbery is not rendered invalid by the lower court's failure to strictly comply with GCR 1963, 785.7(1)(f).

The defendant also alleges as reversible error the failure of the trial court to require the defendant's waiver of jury trial to be made in writing, pursuant to MCL 763.3; MSA 28.856.[3] We disagree. In *People v Sullivan,* 38 Mich App 208, 209; 196 NW2d 2 (1972), this Court stated:

"Defendant argues that MCLA 763.3; MSA 28.856 requires that a waiver of a jury trial be in writing. *By its terms this statute applies only to trial by a judge and has no application to a guilty plea."* (Emphasis added.)

Accord, *People v Hibbitt,* 74 Mich App 650, 651; 254 NW2d 602 (1977). Because the factors governing the plea-waiver doctrine are identical for pleas of guilty and nolo contendere, *People v Riley,* 88

[3] Since amended by 1980 PA 506.

Mich App 727, 729; 279 NW2d 303 (1979), citing *People v Goodman,* 58 Mich App 220, 222; 227 NW2d 261 (1975), the statute under which the defendant's claim of error is based in equally inapplicable. Thus, the defendant's allegation of error is without merit.

Affirmed.