PEOPLE v SHIVELY

Docket No. 54902. Submitted January 12, 1982, at Detroit.—Decided
May 19, 1982. Leave to appeal denied, 414 Mich 916.

Eric D. Shively pled guilty but mentally ill in Wayne Circuit
Court to charges of armed robbery and possession of a firearm
during the commission of a felony. In return for defendant's
plea of guilty but mentally ill to the armed robbery and felony-
firearm charges, a charge of assault with intent to murder was
dropped and it was agreed that defendant would be sentenced
to 5 to 15 years imprisonment. The trial court, William Leo
Cahalan, J., informed defendant that armed robbery carried a
potential life sentence but failed to inform him that armed
robbery was not probationable. Defendant was sentenced to 5 to
15 years imprisonment for the armed robbery conviction and
received the mandatory 2-year sentence for the felony-firearm
conviction. Defendant appeals. *Held:*

The trial court failed to inform defendant that armed rob-
bery was a nonprobationable offense. The court rules require
that a trial court personally inform a defendant that he cannot
be placed on probation if convicted of armed robbery, and the
Supreme Court has held that this rule must be strictly com-
plied with. Failure of the trial court to inform defendant of the
nonprobationable nature of the offense to which he was plead-
ing guilty requires reversal.

Reversed.

ROBBERY — ARMED ROBBERY — GUILTY PLEAS — COURT RULES.

A trial court prior to accepting a guilty plea to a charge of armed
robbery must first personally inform the defendant that armed
robbery is a nonprobationable offense; failure of a trial court to
strictly comply with this rule requires the reversal of the
defendant's conviction for armed robbery (GCR 1963,
787.7[1][f]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 472, 476.
67 Am Jur 2d, Robbery § 4.

*Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

M. J. KELLY, J. Defendant, Eric Shively, pled guilty but mentally ill, MCL 768.36(1); MSA 28.1059(1), to armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to 5 to 15 years imprisonment for armed robbery and received the mandatory 2-year sentence for possession of a firearm.

During the plea proceeding, the following bargain was placed on the record. In return for defendant's plea of guilty but mentally ill to armed robbery and possession of a firearm, the prosecution agreed to dismissal of an assault with intent to murder charge. The bargain also included an agreement that defendant would be sentenced to 5 to 15 years imprisonment. The trial court informed defendant that armed robbery carried a potential life sentence but failed to inform him that armed robbery was not probationable. On appeal, defendant argues that his conviction must be reversed because the trial court failed to comply with GCR 1963, 785.7(1)(f), which requires the court to inform defendant that armed robbery is a nonprobationable offense.

Until recently, the opinions of this Court have split on whether reversal of defendant's plea was

required when a trial judge failed to comply with GCR 1963, 785.7(1)(f). A number of panels on this Court have refused to reverse a defendant's conviction where he understood the charge and the sentence imposable for the crime or where a sentence agreement was part of the plea bargain. *People v Belknap,* 109 Mich App 406, 409; 311 NW2d 369 (1981), *People v Sylvester,* 103 Mich App 499, 506; 303 NW2d 230 (1981), *People v Lendzian,* 80 Mich App 323, 325; 263 NW2d 360 (1977), *People v Freeman,* 73 Mich App 568, 570; 252 NW2d 518 (1977). However, in *People v Thalacker,* 99 Mich App 372; 297 NW2d 670 (1980), a panel of this Court reversed defendant's conviction because the trial court failed to inform him that armed robbery was a nonprobationable offense.

The Supreme Court, in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982) recently resolved the split in this Court. In *Rogers,* defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). During the plea proceedings, the trial court failed to inform defendant that he could not be placed on probation. This Court, in an unpublished opinion, reversed defendant's guilty plea because the trial judge failed to comply with GCR 1963, 785.7(1)(f). The prosecutor appealed to the Supreme Court, which affirmed this Court's reversal. The Court stated:

"We have insisted on strict compliance with two other subsections on sentence consequences, Rule 785.7(1), subds (b) and (d). *People v Jones,* 410 Mich 407; 301 NW2d 822 (1981). The requirements of Rule 785.7 as to advice on sentence consequences represents our judgment that it is important that the defendant be advised of these sentence consequences before pleading guilty of an offense. We underscored this importance in

*Jones* by imposing the sanction of reversal for noncompliance with (1)(b) and (1)(d); we believe (1)(f) is of the same stature and adopt the same sanction for noncompliance." *Id.,* 672.

In this case, the trial court failed to inform defendant that armed robbery was nonprobationable. This violated GCR 1963, 785.7(1)(f) and requires reversal of defendant's conviction.

Although reversal is required in this case, we take this opportunity to express our concern with the growing tendency to exalt form over substance. In this case, defendant knew he was going to be sentenced to 5 to 15 years imprisonment as part of the plea bargain. Requiring the trial judge to inform defendant that he is not going to receive probation when defendant is already aware of that fact by any reasonable interpretation of the record results in an injustice to the people of this state. We would urge the Supreme Court to reconsider the rule announced in *Rogers* in cases where the defendant knows prior to pleading guilty that probation is not available.

Reversed.