PEOPLE v HARRISON

Docket No. 56727. Submitted January 14, 1982, at Detroit.—Decided
        June 23, 1982. Leave to appeal denied, 414 Mich 897.

    James Harrison was charged with first-degree murder. He pled
        guilty to a charge of second-degree murder and was sentenced
        to prison, Wayne Circuit Court, Charles Kaufman, J. Defendant
        appeals, alleging that the trial court erred by failing to inform
        him that second-degree murder was a nonprobationable offense.
        *Held:*

        The failure of the court to inform the defendant, prior to
    accepting the guilty plea, that he could not be placed on
    probation for the offense of murder constituted error requiring
    reversal.

        Reversed and remanded.

        M. J. KELLY, J., concurred in the result because reversal is
    mandated by Supreme Court precedent. He would suggest,
    however, that such a result exalts form over substance in a
    case where the defendant knows prior to pleading guilty that
    he will not be placed on probation. He would allow a defendant
    who successfully appeals his guilty plea conviction based on a
    nonsubstantive error to move in the trial court to set aside the
    guilty plea, with the proviso that if the motion is granted the
    original charge would be reinstated.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — NONPROBATIONABLE OFFENSES
        — COURT RULES.

    Failure of a trial court, prior to accepting a defendant's plea of
        guilty to a charge of murder, to advise the defendant that he
        cannot be placed on probation for that offense constitutes
        reversible error (GCR 1963, 785.7[1][f]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 477.

    Court's duty to advise or admonish accused as to consequences of
        plea of guilty, or to determine that he is advised thereof. 97
        ALR2d 549.

CONCURRENCE BY M. J. KELLY, J.

2. CRIMINAL LAW — GUILTY PLEAS — NONPROBATIONABLE OFFENSES
   — COURT RULES.

> Failure of a trial court, prior to accepting a defendant's plea of
> guilty, to advise the defendant that the offense to which he is
> pleading guilty is nonprobationable should not be grounds for
> reversal of the guilty plea where defendant knows before
> pleading guilty that he will not receive a sentence of probation;
> rather, such a case should be remanded to allow the defendant
> the opportunity to move to set aside his plea and have the
> original charge reinstated (GCR 1963, 785.7[1][f]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

PER CURIAM. Defendant was charged with first-degree murder, MCL 750.316; MSA 28.548, arising out of the stabbing of James Weatherly. Defendant pled guilty to second-degree murder, MCL 750.317; MSA 28.549, on December 4, 1980, in Wayne County Circuit Court. On December 15, 1980, defendant was sentenced to a term of 7-1/2 to 20 years. Defendant appeals by right.

Defendant contends that the trial court was in error by failing to inform the defendant that the offense pled to was nonprobationable. We agree. Failure of the trial court, prior to accepting defendant's plea, to advise the defendant that for the offense of murder he cannot be placed on probation, constitutes reversible error. *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982).

In view of the fact that *Rogers* requires reversal

in the instant case, we need not deal with the other issues raised.

Reversed and remanded for further proceedings.

M. J. KELLY, J. *(concurring)*. I concur in the result because of the mandate of *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), but write separately to express concern over what may be perceived as a growing tendency on the part of the Michigan appellate system to exalt form over substance.

A review of the briefs and transcript in this case reveals that no manifest injustice occurred. Defendant was aware, through the plea-bargaining proceedings, that he would receive a sentence of life or any term of years. He could not reasonably believe that the sentencing judge would place him on probation after he pled guilty to second-degree murder. In this case, the ends of justice would be better served by a remand to the trial court to give defendant an opportunity to move to set aside his guilty plea based upon the holding in *Rogers, supra,* but with the attendant consequence that the original charge be reinstated if the motion is granted.

While this procedure would require the Supreme Court to reconsider the rule it announced in *People v McMiller,* 389 Mich 425; 208 NW2d 451 (1973), *cert den* 414 US 1080 (1973), reconsideration is necessary because the *McMiller* rule denies the people the benefit of the bargain and places defendant in an unwarranted and advantageous position. I would urge that the *McMiller* rule not be applied where nonsubstantive errors, which will always plague the criminal justice system as long as it is administered by human beings, form the

basis for reversing the guilty plea. Reinstatement of the original charges seems appropriate where a defendant successfully appeals a guilty plea conviction based upon a nonsubstantive error.

Furthermore, as stated in my opinion in *People v Shively,* 116 Mich App 323; 323 NW2d 383 (1982), I believe the Supreme Court's decision in *Rogers* exalts form over substance. Where a defendant knows prior to pleading guilty that probation is not available, it makes little sense to reverse his guilty plea because the judge failed to comply with GCR 1963, 785.7(1)(f). I urge the Supreme Court to reconsider the rule announced in *Rogers.*