PEOPLE v McCLENDON

Docket No. 60279. Submitted September 16, 1982, at Lansing.—Decided December 8, 1982. Leave to appeal applied for.

Ernest N. McClendon was convicted, on his plea of guilty, of armed robbery, Washtenaw Circuit Court, Patrick J. Conlin, J. Defendant appeals, alleging there was an insufficient factual basis to support his plea and that the trial court failed to inform him of the mandatory minimum sentence for armed robbery or that he could not receive probation. *Held:*

1. Sufficient facts were elicited by the trial court to support the defendant's guilty plea.

2. The requirement that the trial court specifically inform the defendant of the mandatory minimum sentence and that he could not be placed on probation for the offense of armed robbery is mandatory. Failure to so inform the defendant requires reversal of his conviction.

Reversed and remanded.

M. J. KELLY, J., concurred, but would urge the Supreme Court to reconsider the ruling which requires a trial court to specifically inform a defendant, who is pleading guilty, of the mandatory minimum sentence in all cases.

OPINION OF THE COURT

1. CRIMINAL LAW — AIDING AND ABETTING.

One who aids and abets the commission of a crime is chargeable as a principal (MCL 767.39; MSA 28.979).

2. CRIMINAL LAW — GUILTY PLEAS — MANDATORY MINIMUM SENTENCE — NONPROBATIONABLE OFFENSE.

A trial court, in accepting a defendant's plea of guilty, must specifically inform the defendant of the mandatory minimum sentence, if any, for the offense and, if the plea is to murder,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 167.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 476, 477.
[3] 21 Am Jur 2d, Criminal Law § 481.

armed robbery or treason, that he cannot be placed on probation (GCR 1963, 785.1[1], subds [d] and [f]).

CONCURRENCE BY M. J. KELLY, J.

3. CRIMINAL LAW — GUILTY PLEAS — MANDATORY MINIMUM SENTENCE.

*The existence of a sentence bargain does not negate the requirement that a trial court inform a defendant who is pleading guilty of the mandatory minimum sentence, if any, for the offense to which the defendant is pleading guilty.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Brian A. Walters,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. Defendant, together with a codefendant, pled guilty to armed robbery, MCL 750.529; MSA 28.797. Defendant appeals, claiming that there was an insufficient factual basis to support his plea, that the trial court failed to inform him that he could not receive probation, and that the court failed to inform him of the mandatory minimum sentence for armed robbery.

The record belies defendant's contention that insufficient facts were elicited by the trial court to support his guilty plea. One who aids and abets the commission of a crime is chargeable as a principal. *People v Spry,* 74 Mich App 584; 254 NW2d 782 (1977), MCL 767.39; MSA 28.979. An inculpatory inference could reasonably be drawn by a jury from the facts admitted by the two defendants, enabling the trial court to accept defendant's plea.

However, in taking defendant's plea, the trial court failed to inform defendant specifically that he could not statutorily receive probation and did not tell defendant the minimum sentence he could receive for the offense to which defendant pled guilty.

GCR 1963, 785.7(1) provides that the court shall tell a defendant:

"(d) the mandatory minimum sentence, if any, for the offense;

* * *

"(f) if the plea is to murder, armed robbery or treason, he cannot be placed on probation * * *."

In *People v Jones,* 410 Mich 407, 412; 301 NW2d 822 (1981), the Supreme Court stated that "there must be strict compliance with Rule 785.7(1), subds (b) and (d)". In the instant case, although the court informed defendant of the maximum statutory sentence, it did not tell defendant that the mandatory minimum sentence was "any term of years" or that he could not be placed on probation. Thus, we are constrained to reverse and remand, even though defendant unequivocally was told that he was to receive a prison term as part of his sentence bargain.

Reversed and remanded for further proceedings.

M. J. KELLY, J. *(concurring).* In this case a jury trial commenced on June 8, 1981, and continued through June 12, 1981. On that date, both defendant and a codefendant pled guilty as charged to armed robbery. A sentence bargain was confirmed by the court of 5 to 20 years imprisonment. In his appellate brief, the prosecutor relied on this Court's opinion in *People v Greene,* 116 Mich App 205; 323 NW2d 337 (1982), but after that brief was

written the Supreme Court reversed, *People v Greene,* 414 Mich 896 (1982), in which the Supreme Court noted that as to advice of a mandatory minimum sentence:

"The existence of a sentence bargain does not negate the requirement that this advice be given."

We noted in *People v Shively,* 116 Mich App 323, 326; 323 NW2d 383 (1982), that this exaltation of form over substance results in an injustice to the people. We urged the Supreme Court to reconsider the rule announced in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982), and I take this opportunity to reiterate ·that even diligent, learned, and experienced trial judges make mistakes and probably will continue to do so. *Cf. People v Belknap,* 109 Mich App 406, 408, fn 1; 311 NW2d 369 (1981), *rev'd* 413 Mich 900 (1982).

For similar observations, see my concurrence in the case of *People v Harrison,* 117 Mich App 472; 324 NW2d 57 (1982).