PEOPLE v MORGAN

Docket No. 60012. Submitted September 15, 1982, at Grand Rapids.—
Decided February 8, 1983. Leave to appeal applied for.

Defendant, Steven Morgan, pled guilty in the Recorder's Court of
Detroit to charges of armed robbery, assault with intent to
commit murder, and possession of a firearm during the commis-
sion of an armed robbery. Defendant appeals alleging the trial
court, Michael J. Talbot, J., erred because it did not inform him
that he could not be placed on probation if he pled guilty to the
armed robbery offense. Held:

1. The armed robbery conviction must be reversed because
the trial court did not inform defendant that he could not be
placed on probation if he pled guilty to that offense.

2. Trial courts have been required to comply with the court
rule on procedures regarding pleas of guilty since its adoption.
A Supreme Court decision stating that reversal is the required
remedy for violation of that court rule did not impose a new
rule of law on trial courts but merely set forth a new remedial
rule to be followed by appellate courts.

3. Defendant did not present any reason why defendant's convic-
tion for felony-firearm, based on the armed robbery, should be re-
versed. The plea was properly taken in accordance with the court
rules and there is no logical connection between its validity and the
defect in the armed robbery plea. The Court of Appeals found the
remedies available for violation of the guilty plea rules to be ade-
quate to secure compliance with such rules.

Reversed in part and affirmed in part.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 477.
[2] 21 Am Jur 2d, Criminal Law § 473 *et seq.*
Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.
[3] 5 Am Jur 2d, Appeal and Error § 729.
16A Am Jur 2d, Constitutional Law §§ 675-677.
[4, 5] 5 Am Jur 2d, Appeal and Error § 787.
21 Am Jur 2d, Criminal Law §§ 310, 311.

BEASLEY, J., dissented. He agrees with the majority that the trial court's failure to advise defendant that he could not be placed on probation if he pled guilty to the armed robbery offense requires the setting aside of the armed robbery plea. However, he does not agree with the majority's conclusion that the defendant's guilty plea to felony-firearm need not be vacated. He feels that, because felony-firearm is a derivative offense which cannot stand alone, defendant's conviction for the felony-firearm violation cannot stand since the guilty plea to the underlying felony of armed robbery was vacated. He would vacate the guilty plea to the felony-firearm violation.

## OPINION OF THE COURT

1. ROBBERY — GUILTY PLEAS — COURT RULES.

A defendant's conviction for armed robbery, based on a plea of guilty, must be reversed where the trial court failed to inform the defendant prior to accepting the plea that he could not be placed on probation if he pled guilty (GCR 1963, 785.7[1][f]).

2. CRIMINAL LAW — GUILTY PLEAS — VIOLATION OF RULES — COURT RULES.

Trial courts have been required to comply with the court rule on procedures regarding pleas of guilty since the rule's adoption; reversal of a conviction based on a plea of guilty is required where the court rule is violated (GCR 1963, 785.7[1][f]).

3. APPEAL — REMEDIAL RULES — RETROACTIVITY.

The Court of Appeals application of a Supreme Court decision setting forth a new remedial rule to be followed by appellate courts is not a retroactive application by the Court of Appeals where the Supreme Court's decision did not impose a new rule of law on the trial courts.

4. CRIMINAL LAW — APPEAL — FELONY-FIREARM — REVERSAL OF UNDERLYING CONVICTION — GUILTY PLEAS.

A defendant's conviction for a felony-firearm violation, based on an armed robbery, need not be reversed when the armed robbery conviction is reversed where the defendant's plea of guilty to the felony-firearm violation was properly taken in accordance with the court rules and there is no logical connection between its validity and the defect in the armed robbery plea.

DISSENT BY BEASLEY, J.

5. CRIMINAL LAW — APPEAL — FELONY-FIREARM — UNDERLYING
   FELONIES — DERIVATIVE OFFENSES.

   *A defendant cannot be convicted of possession of a firearm during
   the commission of a felony unless he is also convicted of the
   underlying felony; felony-firearm is a derivative offense; there-
   fore, where a defendant's guilty plea to the underlying offense
   is vacated on appeal his guilty plea to felony-firearm should
   also be vacated (MCL 750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Rosemary A.
Gordon,* Assistant Prosecuting Attorney, for the
people.

*Rene A. Cooper,* for defendant.

Before: BRONSON, P.J., and BEASLEY and CYNAR,
JJ.

BRONSON, P.J. Defendant pled guilty to charges
of armed robbery, MCL 750.529; MSA 28.797, as-
sault with intent to commit murder, MCL 750.83;
MSA 28.278, and possession of a firearm during
the commission of a felony (the armed robbery),
MCL 750.227b; MSA 28.424(2). He appeals as of
right.

Defendant's armed robbery conviction must be
reversed because the trial judge did not inform
him that he could not be placed on probation if he
pled guilty to that offense. *People v Rogers,* 412
Mich 669; 316 NW2d 701 (1982). The people cannot
rely on our decision in *People v Greene,* 116 Mich
App 205; 323 NW2d 337 (1982), *rev'd* 414 Mich
896; 323 NW2d 4 (1982), which was recently re-
versed by the Supreme Court.

The people's argument that the decision in *Rog-
ers, supra,* should not be given retroactive effect
does not apply here. Trial courts have been re-

quired to comply with GCR 1963, 785.7(1)(f) since its adoption. In *Rogers,* the Court decided that reversal was the required remedy for violation of GCR 1963, 785.7(1)(f). Because the Supreme Court did not impose on trial courts a new rule of law but merely set forth a new remedial rule to be followed by appellate courts, our application of *Rogers* to this case is not retroactive.

We need not consider defendant's claim that the trial court erred by failing to inform him of a mandatory minimum sentence for armed robbery.

Defendant, in general, requests that his conviction for felony-firearm, based on the armed robbery, be reversed. He has presented, and we see, no reason why his felony-firearm conviction should be reversed. That plea was properly taken in accordance with the court rules and there is no logical connection between its validity and the defect in the armed robbery plea.[1] The only plausible reason for reversing defendant's felony-firearm conviction is to bring more pressure to bear on prosecutors and trial courts in order to secure compliance with the guilty plea rules. We believe that the remedies now in place are adequate for this purpose.

Defendant's armed robbery conviction is reversed; his other convictions are affirmed.

CYNAR, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent. I agree with the majority in holding that the trial court's failure to advise defendant that the offense of armed robbery is not probationable requires the

---

[1] This would not be true if the defect in the armed robbery plea was the failure properly to elicit a factual basis, where the factual basis was not separately set forth in the felony-firearm plea.

setting aside of the armed robbery plea.[1] However, I do not agree that defendant's guilty plea to felony-firearm need not be vacated since the guilty plea to that offense was taken in conformity with the court rules.

The felony-firearm statute provides in pertinent part:[2]

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227' or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony."

The statute can be applied only to augment or enhance a sentence imposed on the underlying offense.[3] When the Legislature said that the sentence for the felony-firearm conviction *"shall* be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony"*, it did not intend that a sentence for felony-firearm could be imposed when there was no conviction of the underlying felony or if the conviction of the underlying felony is vacated.

[1] GCR 1963, 785.7(1)(f); *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982); *People v Harrison,* 117 Mich App 472; 324 NW2d 57 (1982), *lv den* 414 Mich 897 (1982).

[2] MCL 750.227b; MSA 28.424(2).

[3] See *People v Walter Johnson,* 85 Mich App 654, 670; 272 NW2d 605 (1978), *modified on other grounds* 411 Mich 50; 303 NW2d 442 (1981).

In *People v Lewis*,[4] the Supreme Court held that a defendant charged with possession of a firearm during the commission of a felony and an underlying felony need not be convicted of the underlying felony in order that a conviction of the felony-firearm charge may stand. I do not believe that the *Lewis* decision is applicable where, as here, the convictions were based on guilty pleas and the underlying felony must be vacated because of a defect in the plea-taking procedure of that felony.

In the within matter, defendant's plea-based conviction of possession of a firearm in the commission of an armed robbery cannot stand unless his plea-based conviction of the underlying felony remains intact. Since felony-firearm is a derivative offense, it cannot stand alone.[5] I would distinguish this case from *Lewis, supra:* in *Lewis,* defendant was acquitted by a jury of the underlying felony count; here, defendant's guilty plea to the underlying felony was vacated.

I would vacate defendant's guilty plea to felony-firearm.

---

[4] *People v Lewis,* 415 Mich 443; 330 NW2d 16 (1982).

[5] An example of a civil cause of action that is derivative is a spouse's suit for loss of consortium. If the injured spouse does not succeed in her cause of action against the alleged tortfeasor, the husband's action for loss of consortium likewise must fail. See *Jones v Slaughter,* 54 Mich App 120, 124; 220 NW2d 63 (1974); *Bias v Ausbury,* 369 Mich 378, 381-382; 120 NW2d 233 (1963); Anno: *Contributory negligence of spouse or child as bar to recovery of collateral damages suffered by other spouse or parent,* 21 ALR3d 469, 471.